## Case No. 3,492.

### In re CURRIER.

[2 Low. 436;[1] 13 N. B. R. 63.]

District Court, D. Massachusetts. Oct. Term, 1875.

BANKRUPTCY—PREFERRED CREDITOR—SURRENDER —PROOF OF DEBT.

1. The claim of a preferred creditor is not to be reckoned in determining whether or not the requisite proportion of creditors have joined in an involuntary petition.

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

2. A preferred creditor cannot prove his debt, or any part of it, until he has voluntarily or by compulsion surrendered his preference.

[Cited in Re Broich. Case No. 1,921; Re Aspinwall, 11 Fed. 138.]

[3. Followed in Re Reed, 3 Fed. 799, in respect to the statement that under the amendment of 1874 (18 Stat. 181), relating to proofs by creditors whose preferences have been set aside, such a creditor may prove his whole debt after recovery against him for the preference, in the absense of actual fraud.]

4. A mere repayment to the debtor, after a petition in bankruptcy is filed, cannot, for this purpose, take the place of a surrender to the assignee.

5. A preferred creditor cannot proceed for adjudication against his debtor for the act of preference to which he was a party, and therefore ought not to be reckoned in computing the number or amount of those who have or have not petitioned.

[Cited in Re Saunders, Case No. 12,371; Re Bouton, Id. 1,706.]

6. An involuntary petition must be signed by one-third in value of all the creditors, and by one-fourth in number of creditors whose debts exceed $250; if there are none such, or if a sufficient number of them do not petition, the one-fourth in number may be made up from the smaller creditors.

[Followed in Re Woodford. Case No. 17.972. Cited in Re Broich, Id. 1.921; Re Lloyd, Id. 8.429. Approved in Re Hall, Id. 5,923.]

7. It is not necessary that the larger creditors should refuse to sign; it is enough that they do not sign.

[Approved in Re Hall, Case No. 5,923.]

[This was a proceeding in bankruptcy in the matter of J. R. Currier.]

C. P. Greenough, for petitioners.
J. B. Richardson, for defendant.

LOWELL, District Judge. In this petition for adjudication against the defendants, one act of bankruptcy alleged, and the only act relied on at the hearing, is a preference to T. Dana & Co., by a transfer to them, out of the ordinary course of the debtor's business, of the whole proceeds of his stock in trade, tools, &c., which, to be sure, amounted, after providing for a valid mortgage, to less than three hundred dollars, and which still left Dana & Co. large creditors of the defendant, for the balance of their running account. The questions for decision are, whether the transaction amounted to a preference which would be voidable by the assignee, and if so, whether the balance remaining due to Dana & Co. is to be reckoned in ascertaining whether the requisite amount of debt is represented by the petitioners.

1. It was hardly denied at the hearing that, upon the facts shown, the preference was one that could be avoided by the assignee, though, of course, that point will not be concluded by any decree made at this time.

2. It has been twice decided that the debt due a preferred creditor under such circumstances ought not to be reckoned in a proceeding of this sort. Clinton v. Mayo [Case No. 2,899]; In re Israel [Id. 7,111]. The orig-

inal statute, re-enacted in Rev. St. § 5084, forbids proof by a preferred creditor unless he shall surrender his preference; and the surrender must be voluntary, that is, before final judgment against him for the amount of the preference. I speak of that statute as it has been construed in this court, and by what I consider the weight of authority. The new statute enacts that if the preference is set aside at the suit of the assignee, the creditor, in case of actual fraud, shall not be permitted to prove more than a moiety of his debt. St. 1874, c. 390, § 12 (18 Stat. 181). This undoubtedly provides, by necessary intendment, that if there has been no actual fraud he may prove his whole debt, even after a recovery has been had against him for the preference; and if there has been fraud. one-half thereof. But it is nowhere said that if he has received a preference he may prove his debt, or any part of it, until he has either voluntarily or by compulsion surrendered his advantage.

I do not care to enter into any question whether a preferred creditor may at the first meeting surrender, or whether he must wait till the assignee is appointed. See In re Saunders [Case No. 12,371]. There has been no offer of surrender here, nor any one to whom a surrender could be made. It is plain that a mere repayment to the debtor, after proceedings are begun, with intent, perhaps, to defeat them, cannot take the place of a surrender to the assignee.

It seems, then, that Dana & Co. are not creditors who could, under ordinary circumstances, vote at the first meeting, and I agree with the decisions above cited that they cannot be reckoned at this time. I will add one other consideration peculiar to this case. It has been repeatedly held in this court and elsewhere, that a preferred creditor has no standing in a court of bankruptcy to proceed for adjudication against his debtor for the very act to which the creditor has been a party. He is estopped on every principle of equity. It was once said by a late very learned and able judge, that where the preference consisted in merely suffering a judgment to be obtained in advance of other creditors, and a seizure on execution under such judgment, the creditor thus preferred might and ought at once to proceed in bankruptcy against the debtor. But the doctrine that there can be any such preference being now exploded, the dictum must go with it. There never has been a decision, and I apprehend will not soon be, that a conscious party to a fraud, though it be only a technical one, can take advantage of that fraud as foundation for a suit against the other party. I add, therefore, to the reasons already given why the debt of Dana & Co. should not be counted, that they ought not to join, and have no right to join, in this petition. In this case the ultimate purpose of the whole proceeding is to recover this preference; and though it turns out to be much less in amount than was supposed, yet the principle is the same. It

cannot be that the assent of the very creditor indirectly proceeded against is necessary.

A brief has been submitted to me upon another point which was ruled at the trial, and, as I supposed, settled at that time. The petitioners are one-fourth in number of the creditors whose debts exceed $250, and indeed of all the creditors, and they represent one-third in' amount of all the provable debts, excluding Dana & Co., but they do not represent one-third in amount of the debts exceeding $250, if they alone are to be regarded. In other words, though they hold more than one-third of all the presently provable debts exhibited by the debtor in his list, they do not hold one-third of those that are above $250. And the defendant insists that where there are such creditors, they alone are to be regarded, unless upon notice and request they have refused or neglected to join. He cites the latter part of section 12 of the act of 1874, which says that, in computing the number of creditors who shall join, those whose debts do not exceed $250 shall not be reckoned. 18 Stat. 181.

Judge Blatchford has decided that the word "number" in this clause is to be construed "number and amount." In re Hymes [Case No. 6,986]. Judge Brown has held that "number" means "number." In re Hadley [Id. 5,894]. My impression is that the latter decision is to be preferred. It seems to me that congress intended to say to petitioning creditors: If you obtain one-third of all the debts, it shall be enough if you have one-fourth in number of the larger creditors. But if there are no such creditors, or if they do not petition, you may make up the number from the smaller creditors. This was to provide, I apprehend, for those cases, not very rare, where there is a great number of small debts, and to give the creditors the election of obtaining one-fourth in number of the chief creditors, or one-fourth of all, whichever they could, provided always one-third in amount of all the debts was represented in the petition. If this view is sound, the clause in question does not apply to the amount of debts to be represented, and this petition is sufficient.

I do not consider this point essential to the determination of this case, because I can see, by inspection of the petition and of the debtor's list, that the requisite number of the creditors holding debts above the specified amount have failed to sign the petition, which brings the case within one of the exceptions of the statute. It is argued that there should be allegation and proof that such creditors have been asked to sign and have refused, but I think the statute means that a failure to sign may arise from any cause, such as illness or absence. Any other construction would be dangerous and quite unnecessary, because a failure to sign is plainly shown by not signing. It was not intended that the larger creditors should be consulted at all events, but that the petition-

ing creditors should represent the requisite number and amount of all the creditors, or, if more convenient in the particular case, at least of the larger creditors, however reckoned. But a case is always made out when the due proportion of all the creditors has joined; and the failure of the larger creditors to join is no defence. This petition is admitted to be good if those creditors had refused to join; and how they are any worse off by neglecting than by refusing, I am unable to see. If they are favorable to the petition they sign it, or if they are opposed to it their signature is dispensed with, and the same result follows. The law was not intended to require a demand, when the acquiescence or the refusal could affect no rights in any way.

It is not without some significance that the rule of the supreme court, having the force of law, and governing the case of copartners petitioning to put themselves and other members of the firm into bankruptcy, says: If one or more members refuse to join, not fail to join. The difference in meaning is obvious, though the cases are not otherwise parallel. A partner ought always to have notice and an opportunity to assent to or to dispute his own bankruptcy; but a creditor whose action either way will bring about the same result has no such interest.

Adjudication ordered.