## In the Matter of Reed, Bankrupt.

(*Circuit Court, D. Massachusetts.* September 30, 1880.)

1. BANKRUPTCY—PREFERENCE—FRAUD.—Under the amended sections of the bankrupt act a creditor may prove his whole debt, even after a recovery has been had against him for a preference, in the absence of actual fraud.

*Morse & Stone,* for appellants.

*A. E. Pillsbury,* for appellee.

CLIFFORD, C. J. Creditors who accepted a preference from a bankrupt debtor during the operation of the provision of the Revised Statutes, having reasonable cause to believe that the same was made or given by the debtor contrary to the provisions of the bankrupt act, could not prove the debt or claim on account of which the preference was made or given; nor could such a creditor receive any dividend until he had first surrendered to the assignees all property, money, benefit, or advantage received by him under such preference. Rev. St. § 5084. Congress subsequently amended that provision in certain important particulars. Alterations were made and new provisions adopted to facilitate the proceeding; when the requisite number of creditors do not petition, the court may grant delay, and the provision is that if at the expiration of that time they appear, then the matter of bankruptcy shall proceed, and such person shall be adjudged bankrupt. The assignees may recover back the money or property paid, conveyed, sold, assigned, or transferred, in preference, contrary to this act, provided that the person recovering such payment or conveyance had reasonable cause to believe that the debtor was insolvent, and knew that a fraud on the act was intended; and such a person, if a creditor, shall not, in cases of actual fraud on his part, be allowed to prove for more than a moiety of his debt. It appears that the bankrupt filed his voluntary petition in bankruptcy, and that he was adjudged bankrupt in a regular proceeding in bankruptcy; the appellee was a creditor of the bankrupt, holding two notes signed by him, payable on demand, and interest, to the order of the creditor, one for $2,000, and the other for $1,000;

and that the creditor was also an indorser for the bankrupt in the sum of $1,450. Preferences were strictly forbidden by the bankrupt act, and by the several statutes, the provision being that a creditor, who receives a preference, shall not be permitted to prove his claim, nor, in case the proof was previously given, shall he receive any dividend therefrom until he shall first surrender to the assignee all property, money, benefit, or advantage received by him under such preference. Assignees might recover back such a preference under the original act, as well as under the last amendment; but the original act, together with the Revised Statutes, forbid proof by a preferred creditor unless he should surrender his preference, the requirement being that the surrender must be voluntary, and before the final judgment against him for the amount of the preference. During the operation of that provision, there would not have been any difficulty in determining the question before the court, but that provision is repealed by a subsequent enactment, which is inconsistent with the former act. 18 St. at Large, 181. Particular attention must be given to the amendment, or new regulation, which provides that where a preference has been given by payment, assignment, or transfer, and the debtor shall afterwards be adjudged a bankrupt, the assignee may recover back the money or property so paid, assigned, or transferred, contrary to the act, provided that the person receiving such payment or conveyance had reasonable cause to believe the debtor was insolvent, and knew that a fraud on the act was intended. Then follows the clause of the section in question, which provides that such person, if a creditor, shall not, in case of actual fraud on his part, be allowed to prove for more than a moiety of his debt; and the further provision is that this limitation on the proof of debts shall apply to cases of voluntary or involuntary bankruptcy. Different judges have construed that provision differently, but the correct construction, in my opinion, is that adopted by Judge Lowell, in *Re Currier*, 2 Lowell, 436. His decision is to the effect that the new enactment provides, by necessary intendment, that if there has been no actual fraud, the creditor may prove his whole debt, even

after a recovery has been had against him for the preference; which conclusion is certainly justified by the language of the enactment, as plainly and clearly as the other necessary conclusion. that the creditor shall only be allowed to prove for a moiety of his debt in cases of actual fraud. Corresponding views have been held by other judges, whose opinions are also satisfactory. *In re Kaufman* v. *Houck*, 19 B. R. 284. No difficulty would arise, says *Nixon*, J., if the amendment stood alone, but the section before the change expressly prohibited any proof by a creditor who knowingly received a preference. Creditors desired a change, and congress granted their request, as it was deemed a hardship that they should loose their whole claim in case they made an effort to secure an honest debt. Congress interfered to modify the rigor of the prior law, and the only limitation it puts upon the proof of debts is the loss of one-half of the claim when actual fraud is proved against the creditor; but he may prove the whole if there is no actual fraud in the transaction. Unless such is the necessary implication of the language employed, it is impossible to say what was intended by the law-makers. *In re Newcombe*, 18 B. R. 85. Contrary opinions have been given by two other judges. *In re Stein*, 16 B. R. 270; *In re Cramer*, 13 B. R. 225. Beyond doubt the question must depend upon the true construction of the act of congress, and I am of the opinion that congress intended to moderate the rigor of the prior rules and to allow the creditor, after payment back of the preference, whether by suit or otherwise, to prove their whole debt, in case they had been guilty of no actual fraud. Moneys were paid by the bankrupt to the creditor, within the period constituting a preference, but the assignee sued the creditor and recovered it back before the creditor offered to prove his debt. Actual fraud, or fraud in fact, is not pretended in this case, as distinguished from what is known as fraud in law. Being of the opinion that congress intended to distinguish between mere technical fraud and fraud in fact, I am of the opinion that the ruling of the district court in allowing the creditor to prove his debt is correct.

Decree affirmed.