### In re FISHBLATE CLOTHING CO.

(District Court, E. D. North Carolina. November 28, 1903.)

1. INVOLUNTARY BANKRUPTCY — PETITIONING CREDITORS — NUMBER — COMPETENCY.

Where one of the three creditors signing an involuntary bankruptcy petition had received a preference within four months prior to the filing of the petition, which he had not surrendered, and was therefore disqualified from signing the petition, and there was no request for an amendment of the petition by including the names of other creditors, the petition will be dismissed.

In Bankruptcy.

C. F. McRae and Rountree & Carr, for petitioning creditors.
Iredell Meares, for bankrupt.

PURNELL, District Judge. This cause being before me on the petition of petitioning creditors and the verified answer of the bankrupt company, it appearing that the International Shirt & Collar Company, one of the three petitioning creditors necessary under the bankrupt act to constitute the requisite number of creditors upon which an involuntary petition in bankruptcy can be maintained, has received a payment on its claim within the prohibited period, to wit, four months of the filing of the petition in bankruptcy, and that said payment constitutes in law a preference, said preference not having been surrendered by said creditor. It further appears that said petitioning creditors have not by petition or proper motion requested that said original petition be amended by including the names of other persons as creditors, bringing said petition within the provisions of said bankruptcy law, but the only request made by

said petitioning creditors is that they be allowed to file a replication to defendant's answer, which request is as follows: "If the court is of a contrary opinion, we respectfully ask time to file a replication to the answer of bankrupt."

Upon the foregoing facts it is ordered adjudged, and decreed:

1. That the International Shirt & Collar Company, one of the petitioning creditors, has not a provable claim against the bankrupt company, as contemplated in the act; that it has received a preference, which it has not voluntarily surrendered; and that creditors in an amount as required by the act have not united in instituting the petition herein against the defendant bankrupt company.

2. The court must act upon the record as presented, and there is nothing in the record as presented (and the statements in the verified answer must be taken as true), asking for leave to amend said original petition to conform to the provisions of the bankrupt law.

The court cannot try hypothetical cases. It may be stated this is not a moot court, but sits under the law to try bona fide causes actually existing and regularly instituted between parties—questions raised and presented in the record. The seeming effort on the part of petitioning creditors to "fish out" an opinion upon a hypothetical case cannot avail.

It is therefore ordered, adjudged, and decreed that the petition herein, for the reasons stated, be, and the same is hereby, dismissed, at the cost of the petitioning creditors.