In re MINER et al.

(District Court, D. Massachusetts. May 31, 1900.)

BANKRUPTCY—PETITION IN INVOLUNTARY BANKRUPTCY—COMPUTING NUMBER OF CREDITORS.
    Creditors who have assented to a general assignment made by their debtor, and who therefore cannot join in a petition in bankruptcy against him, are not to be counted, in determining the number of his creditors, under Bankr. Act 1898, § 59b; and, if the creditors who have not assented are less than 12 in number, one of such creditors may file the petition under said section.

In Bankruptcy. On petition in involuntary bankruptcy.

In the matter of the above petition it is agreed, for the purposes of this hearing, between the petitioning creditor and the debtors, that an assignment for the benefit of their creditors was made by Miner, Beal & Co., as set forth in their answer to said petition, which assignment was recorded in the office of the clerk of the city of Boston on the 24th day of February, 1900, and that their property was transferred thereunder to the trustees therein named, and that all of their creditors whose names are appended to said answer, except the petitioner, have assented in writing to said assignment, and have become parties thereto; that the petitioner was more than once requested, both by the debtors and the assignees, between February 7th and May 8th, to become a party to said assignment (the last request being made the day before the filing of this petition), and upon each of such requests the petitioner refused to become a party to said assignment; that all said creditors, except the petitioner, have received under the assignment a pro rata payment on account, under a partial distribution of the assets of the debtors, amounting to 11 per cent.,

the remaining assets in the hands of the trustees being sufficient to pay the petitioner an equal amount. or. if need be, the claim in full; that all said creditors are to be treated as creditors of said debtors, within the meaning of section 59 of the bankruptcy act of 1898, unless, by reason of such assent to said assignment, by so becoming parties thereto, or by receiving said payment, they cannot be considered as creditors of said debtors, in which event the petitioning creditor is the only creditor of said debtors, and having a provable claim against Miner, Beal & Co. exceeding $34,000.

Morse & Friedman, for American Woolen Co.

M. F. Dickinson, Jr.. for Miner, Beal & Co.

Jabez Fox, for assignees.

Hollis R. Bailey, for Allen Lane & Co. and others, creditors in opposition to petition.

E. O. Cooke, for Albert F. Cooke.

LOWELL, District Judge. In this case the respondents made a general assignment, which has been assented to by all the creditors, with two or three exceptions. One of the nonassenting creditors has filed this petition alone, alleging that all the creditors of the respondents are less than twelve in number, thus seeking to bring himself within section 59b. It was admitted at the argument that the creditors who had assented to the assignment could not join in the petition, but it was urged that they should be counted in reckoning the number of the respondents' creditors. Under the act of June 22, 1874 (18 Stat. 178, § 12), it was held that preferred creditors should not be reckoned, in computing the proportion of creditors required to join in a petition. In re Israel, Fed. Cas. No. 7,111; Clinton v. Mayo, Fed. Cas. No. 2,899; In re Currier, 2 Low. 436, Fed. Cas. No. 3,492. In the last case Judge Lowell said, "I add, therefore, to the reasons already given why the debt of Dana & Co. should not be counted, that they ought not to join in this petition." The learned judge thus considered that only those creditors who can join in a petition should be reckoned in computing the proportion who must join in order to make the petition valid. This is in accordance with the language of the statute; for otherwise the word "creditors," in the first line of section 59b, would have a different meaning from the same word in the third line of the same clause. Again in the same clause it is said that "one of such creditors" (that is to say, one of the creditors who are less than 12 in number) may file a petition, thus plainly implying that the creditors who may file a petition are identical with the creditors whose number is to be reckoned. It is not necessary to decide if the general assignment here made be a preference. In West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098, 1 Nat. Bankr. N. 409, a general assignment is said to be repugnant to the policy of the bankruptcy law, and to show an intent to delay, defeat, and hinder the execution of the act. See, also, In re Gutwillig, 1 Nat. Bankr. N. 554, 34 C. C. A. 377, 92 Fed. 337. If this assignment had provided for a preference, the petitioners' case would be clearly on that ground. If the debtor is not thrown into bankruptcy, their preference stands, and the law is evaded. In re Israel, supra. Here, if the debtor is not thrown into bankruptcy, the assignment stands, and the law is evaded. Even if a preference

be morally less objectionable than a general assignment, yet I am of opinion that the latter is so objectionable to the spirit of the act that those creditors who have assented to it are within the scope of the remarks made concerning preferred creditors in the cases above cited. For these reasons, because such is the letter of the act, because such was the construction of an analogous provision in the act of 1867, and because such seems to me the fair intent of the act as a whole, I hold that the creditors who have assented to the assignment are not to be reckoned in the computation required by section 59b. Adjudication to be made.