STEVENS et al. v. NAVE–McCORD MERCANTILE CO. et al.

(Circuit Court of Appeals, Eighth Circuit. November 5, 1906.)

No. 2,278.

1. APPEAL AND ERROR—FINAL DECISION—DISMISSAL OF PARTICULAR SUIT CONSTITUTES.

An order or judgment which finally determines a particular suit is a final decision appealable under the act creating the Circuit Courts of Appeals (Act March 3, 1891, c. 517, § 6, 26 Stat. 828 [1 U. S. Comp. St. 1901, p. 549]), although it does not bar another action or proceeding for the same cause.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 494.]

2. BANKRUPTCY—DISMISSAL OF PETITION ON DEMURRER APPEALABLE THOUGH ALSO REVIEWABLE BY PETITION TO REVISE.

An order of dismissal of a petition in bankruptcy, on the ground that it does not state facts sufficient to constitute an act of bankruptcy, is a "judgment refusing to adjudge the defendant a bankrupt," and is appealable under section 25a of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 553 [3 U. S. Comp. St. 1901, p. 3432]), although it is also reviewable by petition to revise under section 24b.

3. SAME—DISMISSAL—ALL PARTIES AGGRIEVED MAY JOIN IN APPEAL.

All parties aggrieved by a final decision, whereby a bill in equity or a petition in bankruptcy is dismissed, may join in an appeal, although some complain of one alleged error and some of another, because on such an appeal all prior rulings are reviewable.

4. SAME—PREFERRED CREDITOR'S CLAIM PROVABLE BUT NOT ALLOWABLE BEFORE SURRENDER OF PREFERENCE.

A creditor who holds a voidable preference has a claim that is provable in the sense that formal written proof of it may be made and filed, but which he may not procure an allowance of, nor vote at a creditors' meeting nor obtain any advantage by, under the bankruptcy law, until he has surrendered his preference.

5. SAME—PREFERRED CREDITOR NOT COUNTABLE UNTIL HE SURRENDERS PREFERENCE.

A creditor, who has a voidable preference, may not be counted against the petitioner in computing the number of creditors that must join in a petition for an adjudication in bankruptcy, until he surrenders his preference. If he surrenders before adjudication, he may then be counted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 103.]

6. SAME—PREFERRED CREDITOR MAY PETITION, BUT MUST SURRENDER BEFORE ADJUDICATION.

Such a creditor may present or may join in a petition for an adjudication in bankruptcy, but he may not be counted for the petition unless he surrenders his preference before the adjudication.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 103.]

7. STATUTES—CONSTRUCTION—RULES.

Cardinal rules for the construction of statutes are that the intention of the legislative body should be ascertained and given effect if possible;

that this intention must be deduced from the entire body of the statute; that the object which the enacting body sought to attain, and the evil which it was endeavoring to remedy, may always be considered to ascertain its intention; that the statute must be given a rational, sensible construction, one that will advance the remedy and repress the wrong, if that interpretation be consonant with its terms; and that the intention of the enacting body when thus ascertained must prevail over technical rules of interpretation and the dry words of the statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, §§ 259, 270, 262.]

(Syllabus by the Court.)

Appeal from the District Court of the United States for the District of Colorado.

This is an appeal from an order of dismissal of a petition for the adjudication of Charles W. Stevens, a bankrupt. On March 16, 1905, Martha Stevens filed her original petition for the adjudication, but the questions to be considered here arise upon the amended petition and other proceedings. By this amended petition she disclosed these and many other facts: On September 22, 1904, and thereafter, Charles W. Stevens was indebted to her for money received by him from her in the sum of about $1,800, and this indebtedness was evidenced by his promissory note which she held. Charles W. Stevens was a merchant and the owner of a stock of goods and fixtures. He was insolvent on December 9, 1904, and had 47 merchandise creditors. On that day Stevens transferred his stock of goods and all his property to one Powell in trust for his merchandise creditors, with intent to prefer them over the petitioner, and they and Powell, their trustee, procured and accepted the property and its proceeds with the same intent, with full knowledge of the claim of the petitioner and of the intent of Stevens to prefer them. On December 12, 1904, Powell sold the stock of merchandise and out of the proceeds of the sale paid to each of the merchandise creditors 50 per cent. of his claim, and a considerable amount of money and property remains in the hands of Powell as trustee. The petitioner avers that these merchandise creditors allege that they have provable claims against the debtor, but that they all knowingly participated in the preference and are thereby rendered ineligible to oppose or to be counted as creditors against her, and that without them the creditors of Stevens are less than 12 in number. Two of the merchandise creditors who had received and retained a payment of 50 per cent. of their claims under the preference intervened and demurred to the petition, on the grounds that it did not state facts sufficient to constitute an act of bankruptcy, and that it disclosed the fact that Stevens had more than 12 creditors. This demurrer was sustained, and an order was made that other creditors might join in the petition within five days. Within that time Fowler and Deardorff filed petitions to join with the original petitioner as assignees, respectively, of one of the merchandise creditors, and offered in their petitions to surrender and restore to the trustee in bankruptcy when appointed the 50 per cent. of the claims they held which had been paid to their assignors. Thereupon the District Court made an order that the applications of Fowler and Deardorff to join in the petition for the adjudication of Stevens a bankrupt be denied because their assignors had received and retained a dividend from the assignment made by Stevens to Powell, and that the petition of Martha Stevens be dismissed out of court at her cost. From this order Martha Stevens, Fowler, and Deardorff have appealed.

A. J. Fowler (A. L. Doud, on the brief), for appellants.
Edwin Van Cise and Frank L. Grant, for appellees.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The appellees move to dismiss the appeal because the order of dismissal was not a final decision, because it was not reviewable by appeal but by petition to revise, and because the appeal was joint and Fowler and Deardorff had no right of review thereby.

A decision which finally determines the rights of parties to secure in that suit the relief they seek is a "final decision," within the meaning of that term in the act creating the Circuit Courts of Appeals, although it is not a decision of the merits of the case and does not bar another suit or proceeding for the same cause. It is a final adjudication of the particular case, and that is sufficient to vest in the defeated parties the right of review. Act March 3, 1891, c. 517, § 6, 26 Stat. 828, 1 U. S. Comp. St. 1901, p. 549; Central Transp. Co. v. Pullman's Car Co., 139 U. S. 24, 38–40, 11 Sup. Ct. 478, 35 L. Ed. 55; Meehan v. Valentine, 145 U. S. 611, 614, 618, 12 Sup. Ct. 972, 36 L. Ed. 835; The Three Friends, 166 U. S. 1, 5, 49, 17 Sup. Ct. 495, 41 L. Ed. 897. The order of dismissal was of this nature, and it was therefore a final decision.

The order of dismissal presented questions of law only, and these were reviewable by petition for revision under section 24b of the bankruptcy law. Act July 1, 1898, c. 541, 30 Stat. 553, 3 U. S. Comp. St. 1901, p. 3432; Plymouth Cordage Co. v. Smith, 194 U. S. 311, 24 Sup. Ct. 725, 48 L. Ed. 992; In re Plymouth Cordage Co., 135 Fed. 1000, 68 C. C. A. 434. But it was a "judgment refusing to adjudge the defendant a bankrupt" and was also appealable by the express provisions of section 25a. C. C. Taft Co. v. Century Sav. Bank. 141 Fed. 369, 370, 72 C. C. A. 671; In re Holmes (C. C. A. 8th Cir.) 142 Fed. 391, 392; In re McKenzie (C. C. A. 8th Cir.), 142 Fed. 383, 385; Dodge v. Norlin, 133 Fed. 363, 367, 66 C. C. A. 425, 429. The argument that this order was not a judgment because it was an order of dismissal relies too implicitly on a difference of names and lacks support by a difference in substance and effect. The dismissal of the petition is the act prescribed by the bankruptcy law to evidence a "judgment refusing to adjudge the defendant a bankrupt." Section 18d, section 18e, and section 18g (30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]) each require the court in the cases there specified to "make the adjudication or dismiss the petition." The petitioners set forth the act of bankruptcy and prayed for an adjudication. The court refused to make the adjudication and in conformity with the provision of the bankruptcy law dismissed the petition. The order of dismissal was the judgment refusing to make the adjudication prescribed by the law, and it was appealable by the express terms of the act of Congress.

It is contended that the appeal should be dismissed because Fowler and Deardorff were not jointly interested with Martha Stevens in the order of dismissal, and because they were separately interested in the order which refused to permit them to join in her petition only while she alone was interested in the order of dismissal. But a proceeding in bankruptcy is a proceeding in equity. Upon an appeal from a final decision in equity, all the anterior rulings in the progress of the cause are reviewable. All the parties interested

in the proceedings must be made parties to the appeal and must be given notice of its pendency and hearing. None of the rulings or orders preceding the judgment of dismissal of the petition were appealable in this case, and every party interested in the foregoing rulings had a right to appeal from the final decision and by means of that appeal to review the previous rulings. The ultimate relief which Fowler and Deardorff sought was that which Martha Stevens prayed, an adjudication of Stevens a bankrupt, and the refusal of the court to permit them to join in her petition and the dismissal of the latter were embodied in the same order. The three petitioners were thus jointly interested in, and aggrieved by, this final decision which refused to adjudge Stevens a bankrupt, and they lawfully challenged it by their joint appeal. The motion to dismiss the appeal is denied.

The debtor, Stevens, was insolvent and had 48 creditors. He conveyed all his property to a trustee for the use of 47 of these creditors with the intent that they hould receive therefrom a payment of part of their claims, and that the 48th creditor, his wife, should receive nothing. The 47 creditors and their trustee, with knowledge that this preference was intended, accepted the transfer and received therefrom payments of 50 per cent. of their claims. Within four months after the assignment the 48th creditor filed her petition for an adjudication of Stevens a bankrupt and set forth the foregoing facts. If the 47 creditors who had received the preference ought not to be counted against the petitioner, there were less than 12 other creditors, her petition stated facts sufficient to warrant the adjudication she sought, and, whether Fowler and Deardorff should have been permitted to join her in her petition or not, its dismissal was error. Since a decision of this question in favor of the appellants will dispose of this case and render all other issues immaterial, it will be first considered.

The argument, in support of the contention that creditors who have secured a voidable preference must be counted in computing the number of creditors that must join in the petition, is that such parties have provable claims, and that every one who has a provable claim, and who is not excluded by section 59e (30 Stat. 562, 3 U. S. Comp. St. 1901, p. 3445), is a countable creditor under the bankruptcy law of 1898. It is that section 59b provides that "three or more creditors who have provable claims against any person * * * or if all of the creditors of such person are less than twelve in number, then one of such creditors * * * may file a petition to have him adjudged a bankrupt"; that section 1, subd. 9 (30 Stat. 544 [U. S. Comp. St. 1901, p. 3419]), declares that 'creditor' shall include any one who owns a demand or claim provable in bankruptcy"; that section 59f authorizes "creditors other than original petitioners" to "be heard in opposition to the prayer of the petition"; that section 18b (30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]) allows "the bankrupt or any creditor" to appear and plead to the petition; that section 57d (30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]) provides that "claims which have been duly proved shall be allowed * * *

unless objection to their allowance shall be made by parties in interest * * *"; that section 57g provides that "the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences"; and that section 59e provides that, "in computing the number of creditors of a bankrupt for the purpose of determining how many creditors must join in the petition, such creditors as were employed by him at the time of the filing of the petition or are related to him by consanguinity or affinity within the third degree, as determined by the common law, and have not joined in the petition, shall not be counted." Counsel reason with much force and cogency that these provisions of the bankruptcy law clearly show that a preferred creditor has a claim which may always be proved and filed, and which may thereafter be allowed upon his surrender of his preference, and that the express specification in 59e of the creditors who may not be counted in determining how many creditors must join in the petition excludes preferred creditors who are not thus mentioned from the latter catagory under the familiar rule, "Expressio unius est exclusio alterius," and thus unavoidably includes them in those that must be counted. The argument is very persuasive, but it is met by other considerations which must not be disregarded. A creditor who has a voidable preference may make and file his formal proof of claim without surrendering his preference, and in that sense his claim is provable. In other words, it is susceptible of a formal statement in writing under oath which may be filed in court, under sections 57a and 57c. But the claimant may not secure an allowance of his claim, he may not vote upon it at a meeting of creditors, he may not obtain any advantage by means of it in the bankruptcy proceedings, until he first surrenders his preference. Sections 57g, 56a (30 Stat. 560 [U. S. Comp. St. 1901, pp. 3442, 3443]); Keppel v. Tiffin Savings Bank, 197 U. S. 357, 361, 367, 25 Sup. Ct. 443, 49 L. Ed. 790. Cardinal rules for the construction of a statute are that the intention of the legislative body which enacted it should be ascertained and given effect, if possible, regardless of technical rules of construction and the dry words of the enactment; that that intention must be deduced not from a part but from the entire law; that the object which the enacting body sought to attain and the evil which it was endeavoring to remedy may always be considered for the purpose of ascertaining its intention; that the statute must be given a rational, sensible construction; and that, if this be consonant with its terms, it must have an interpretation which will advance the remedy and repress the wrong. U. S. v. Ninety-Nine Diamonds (C. C. A. 8th Cir.) 139 Fed. 961, 965, 72 C. C. A. 9, 2 L. R. A. (N. S.) 185.

The discharge of the bankrupt from his debts and the equal distribution of his unexempt property among his creditors of the same class were the chief objects which Congress sought to attain by the enactment of this statute. The preference of one or more creditors over others of the same class was one of the principal evils at which the statute was leveled. Witness the prohibition of the

allowance of the claim of a preferred creditor and of his participation in the meetings of creditors until he surrenders his preference and the right granted to the trustee to recover from him the property he has obtained thereby or its value. Sections 56a, 57g, 60a, 60b (30 Stat. 560, 562 [U. S. Comp. St. 1901, pp. 3442, 3443, 3445]); Pirie v. Chicago, Title & Trust Co., 182 U. S. 438, 449, 21 Sup. Ct. 906, 45 L. Ed. 1171; Kippel v. Tiffin Savings Bank, 197 U. S. 356, 361, 25 Sup. Ct. 443, 49 L. Ed. 790. The bankruptcy law contains no express provision that a creditor who holds a voidable preference may so use his claim as to obtain any advantage from it before he surrenders his preference. Should a provision be ingrafted upon this statute by construction by means of which he may avail himself of the act itself to defeat one of its main purposes, a construction by means of which he may use the statute to retain a preference which it was one of the chief objects of the act to avoid? For, if this statute be interpreted to mean that a debtor may confer voidable preferences upon all his creditors but two, and may thereby enable them to hold their preferences and be counted against an adjudication, the evil which Congress sought to remove is promoted, and the remedy it provided is impaired. Such an interpretation does not accord with the spirit of the law. It would not be a reasonable, sensible construction of it, and it seems to be contrary to the intention evidenced by the body of the statute. The most persuasive argument against this conclusion is that creditors holding voidable preferences are not mentioned in section 59e in the list of those who may not be counted, and the rule that the specification of some is the exclusion of others. But, after a thoughtful consideration of this and the other contentions of counsel, the evil of preferences which the bankrupt law was enacted to remove, the remedy of an equal distribution of the property of the bankrupt which it was passed to provide, the prohibition of the use of their claims by preferred creditors until they surrender them which the act contains, the general scope of the law and all its provisions read and considered together, and the duty to give to it a rational and sensible interpretation, have forced our minds to the conclusion that it was the intention of Congress that creditors who hold voidable preferences should not be counted either for or against the petition for an adjudication in bankruptcy until they surrender their preferences. This intention, thus deduced, must therefore prevail over the technical rules of construction which counsel for the appellees invoke. The result is: A creditor who holds a voidable preference has a provable claim in the sense that he may make and file the formal proof thereof specified by the bankruptcy law; but he may not procure an allowance of his claim, he may not vote at a creditors' meeting, and he may not obtain any advantage from his claim in the bankruptcy proceeding before he surrenders his preference.

Such a preferred creditor may present or may join in a petition for an adjudication of bankruptcy. But he may not be counted for the petition unless he surrenders his preference before the adjudication. In re Hornstein, 122 Fed. 266, 273, 277; In re Gillette (D. C.) 104 Fed. 769.

Such a creditor may not be counted against the petition, nor in computing the number of creditors that must join in the petition, unless he first surrenders his preference. But, if he surrenders his preference before the adjudication, he may be counted after the surrender. In re Miner (D. C.) 104 Fed. 520; Collier on Bankruptcy (5th Ed.) 440, 481; In re Blount (D. C.) 142 Fed. 263, 266; Leighton v. Kennedy, 64 C. C. A. 265, 267, 129 Fed. 737, 739; In re Israel, Fed. Cas. No. 7,111; Clinton v. Mayo, Fed. Cas. No. 2,899; In re Currier, Fed. Cas. No. 3,492.

The decisions upon some of the questions which have been considered have not been uniform, and these conclusions have not been reached without a perusal of the opinions in the cases of In re Herzikopf (D. C.) 118 Fed. 101; In re Burlington Malting Co. (D. C.) 109 Fed. 777, 779; In re Romanow (D. C.) 92 Fed. 510; In re Rogers' Milling Co. (D. C.) 102 Fed. 687; In re Schenkein (D. C.) 113 Fed. 421, 427; In re Fishblate Clothing Co. (D. C.) 125 Fed. 986; Brandenburg on Bankruptcy (3d Ed.) 922, 923.

In the case under consideration, all the creditors except three had received voidable preferences which they had not offered to surrender. They were not entitled to be counted, therefore, in computing the number of creditors for the purpose of determining how many must join in the petition. The petition of Martha Stevens disclosed the fact that there were less than 12 creditors who could be lawfully reckoned for this purpose, and it stated facts sufficient to entitle her to the adjudication she sought. The court therefore fell into a fatal error when it sustained the demurrer to her petition and dismissed it. This conclusion disposes of the case and renders the questions relative to the rights of Fowler and Deardorff to join in her petition academic. Some of those questions were considered by this court in Swarts v. Fourth Nat. Bank, 117 Fed. 1, 8, 13, 54 C. C. A. 387, 394, 398, and Swarts v. Siegel, 117 Fed. 13, 15, 20, 54 C. C. A. 399, 401, 406; but, as they have all become immaterial, it would be an idle task to discuss or decide them here, and they are therefore dismissed. The questions which involve the right of Fowler and Deardorff to join with Martha Stevens in a petition for an adjudication are not decided, but are expressly reserved.

The order of dismissal and the order which sustained the demurrer to her petition must be reversed, and the case must be remanded to the court below, with directions to permit the appellees to answer the petition and to allow the appellants Fowler and Deardorff to present petitions herein, if they are so advised, and it is so ordered.