In re MURPHY.

(District Court, D. Massachusetts. February 25, 1915.)

No. 21685.

1. BANKRUPTCY ⬤➡98—FINDINGS OF REFEREE—CONCLUSIVENESS.
    The findings of fact of a referee, to whom a matter in bankruptcy was referred, are conclusive, where the evidence is not reported, unless they appear erroneous on the face of his report.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ⬤➡98.]

2. BANKRUPTCY ⬤➡76—PETITIONING CREDITORS—PREFERENTIAL PAYMENT—EFFECT—RETURN THEREOF.
    A creditor who has received a preferential payment, and who, in his petition for the adjudication of bankruptcy, does not disclose the payment, nor offer to return it, but who, during the hearings on the question of adjudication before the referee, and while in court, offers to return it, has standing as a petitioning creditor, provided he will deposit the payment with the clerk, to be paid over to the trustee on his appointment.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 50, 56, 97, 99, 100; Dec. Dig. ⬤➡76.]

In Bankruptcy. In the matter of John F. Murphy, alleged bankrupt. Adjudication of bankruptcy confirmed, on petitioners, Ayer & Co., depositing with the clerk a specified sum, to be paid over to the trustee when one shall be chosen.

Joseph Doyle, of Boston, Mass., for petitioning creditors.

Jasper N. Johnson, of Boston, Mass., for alleged bankrupt.

MORTON, District Judge. [1] The only real question is whethed Ayer & Co. have standing as petitioning creditors. Without that claim, the petitioning creditors have not provable claims which amount to $500. The matter was referred to Mr. Referee Gibbs, who has filed his report, stating the facts, and has ruled upon the facts found that the petition is sufficient and that the respondent should be adjudicated. As the evidence is not reported, his findings of fact are conclusive, unless they appear to be erroneous on the face of his report.

[2] The respondent was, at the filing of the petition, indebted to Ayer & Co. in the sum of $624.22. This was a provable debt, and the petition is good, unless the following facts prevent Ayer & Co. from being petitioning creditors:

The common-law assignment, which is the act of bankruptcy relied on, was made on November 2, 1914. In the preceding October Ayer & Co. had received from the respondent a check for $40.13, dated ahead to November 3, 1914. On November 9, 1914, after the common-law assignment, Ayer & Co. accepted payment of this check from the alleged bankrupt "from money earned by him subsequent to the common-law assignment." (Referee's Report, p. 2.) This petition in bankruptcy was filed on January 8, 1915, and in it Ayer & Co. allege themselves to be creditors to the amount of $665.35, which I infer is intended to be the sum of $624.22 above noted, plus the payment of $40.13, which was apparently deducted by the referee in arriving at the amount of the claim at the filing of the petition. That this is so is not entirely clear upon the referee's report, and the figures do not exactly bear out the inference; but the uncertainty as to the correct amount is not significant on the question now before the court. The referee reports "that the $40.13 was

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a preference and should be paid back." At the hearing before the referee, Ayer & Co. "offered to return the sum of $40.13 if the court shall at any time find that such payment was a preference." (Referee's Report, p. 2.)

It thus appears that Ayer & Co. had a claim of between $600 and $700, on which, prior to the filing of the petition, they had received a payment, preferential in character, amounting to $40.13; that in the petition nothing was said about this payment and there was no offer to return it, but that such an offer has been made by them during the hearings on the question of adjudication before the referee, and is now before the court.

It is contended by the respondent that creditors who have received a voidable preference cannot be counted as petitioning creditors, at least not unless the petition itself states the preference and offers to surrender it; and he objects to any amendment of this petition for that purpose. This question was carefully considered and passed upon in Stevens v. Nave-McCord Mercantile Co., 150 Fed. 71, 80 C. C. A. 25 (C. C. A. 8th Circuit), where it is said:

"Such a preferred creditor may present or join in a petition for an adjudication of bankruptcy. But he may not be counted for the petition unless he surrenders his preference before the adjudication."

See, too, 1 Remington on Bankruptcy (Edition of 1908) p. 182.

In this case the alleged preference is a money payment of known value; and it is apparent that Ayer & Co. have a claim of about $600 after deducting the preference. They offer to return the preference. But, no receiver having been appointed, there is at present no person to whom repayment can be made. Before accepting a preferred creditor as a petitioner, the court ought to make certain that the preference will actually be surrendered. It is undesirable to burden the estate with the expense of a receivership solely for that purpose if it can be avoided. In one such case the preferential payment was required to be deposited with the clerk, to be paid over to the trustee upon the latter's appointment. Re Gillette (D. C.) 104 Fed. 769. That seems a convenient and effective way to deal with this case. It does not seem to me necessary that the disclosure of the preference or the offer to return should be made in the petition; if I thought that necessary, I should allow the petitioners to amend.

The respondent also contends that Ayer & Co. are estopped from joining in the petition by reason of inequitable conduct on their part. This estoppel was based upon an alleged attempt on the part of Ayer & Co. to extort payment of their claim by the threat of proceedings in bankruptcy. The facts are stated in the referee's report. He has found against the respondent. Upon the facts found, this contention of the respondent cannot be supported.

Upon the petitioner's depositing with the clerk, within 10 days, the sum of $40.13, to be paid over to the trustee when one shall be chosen, a decree may be entered confirming the referee's report and adjudicating the respondent bankrupt; otherwise, the petition will be dismissed.