# CASES

## ARGUED AND DETERMINED

IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS, THE DISTRICT COURTS, AND THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### In re AUTOMATIC TYPEWRITER & SERVICE CO.

(Circuit Court of Appeals, Second Circuit. January 12, 1921.)

No. 107.

**1. Bankruptcy ⬅76(2)—Attaching creditor may join in petition without first releasing his attachment.**

That a creditor has in good faith attached his debtor's property within four months does not disqualify him from presenting or joining in a petition to have the debtor adjudicated a bankrupt, although the attachment has not been formally released, but the court may require the attachment lien to be vacated before an adjudication is entered.

**2. Bankruptcy ⬅65—Action by creditor not bar to involuntary proceedings.**

The pendency of an action by the petitioning creditor on his claim against the alleged bankrupt, in which a counterclaim has been interposed, is not a bar to involuntary proceedings.

**3. Bankruptcy ⬅65—Motive of creditor in filing petition immaterial.**

The motive of a creditor in filing a petition in involuntary bankruptcy against his debtor is immaterial.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the Automatic Typewriter & Service Company, alleged bankrupt. On petition by alleged bankrupt to revise orders denying a motion to dismiss the petition and granting a motion to dismiss certain defenses pleaded. Affirmed.

Petition to revise two orders made by the District Court for the Southern District of New York; the first denying a motion made by the alleged bankrupt to dismiss the involuntary petition in bankruptcy filed by the Hooven Automatic Typewriter Corporation, a creditor, and the second granting a motion to dismiss seven defenses set up in the answer filed by the alleged bankrupt as insufficient in law. The alleged bankrupt appeals.

Patterson, Eagle, Greenough & Day, of New York City (Carroll G. Walter, of New York City, of counsel), for petitioner.

David W. Kahn, of New York City, for respondent.

---

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The Hooven Automatic Typewriter Corporation on May 21, 1920, as a petitioning creditor, filed an involuntary petition, praying that the Automatic Typewriter & Service Company be adjudicated a bankrupt. The alleged bankrupt filed an answer, in which it set up, among other things, seven affirmative defenses. To this no replication was filed, or ordered to be filed. The issues raised by the petition and answer were noticed for trial, when a notice was served that an application would be made to dismiss the petition at a term of the District Court. The petitioning creditor moved at the same time to dismiss the affirmative defenses on the ground that they were insufficient in law. The court below refused to dismiss the petition, and adjudged six of the seven defenses insufficient. A master was then appointed to take testimony. As a result, this present petition to revise was brought on by the alleged bankrupt. It is contended that the petition for adjudication, filed by the sole petitioning creditor, is insufficient in law upon the face thereof, because it does not plead any facts showing insolvency of the alleged bankrupt, and that such facts as are alleged in the answer show that the Hooven Automatic Typewriter Corporation is not a creditor, and it is claimed that said creditor is estopped from maintaining the petition, because it sued out an attachment against the property of the alleged bankrupt prior to the filing of the petition herein, and that this attachment was in force and effect at the time of filing its petition praying for the adjudication in bankruptcy. The contention is advanced that the facts set forth in the answer established that the Hooven Corporation has received and has not surrendered a preferential payment because of its levying the attachment, and therefore is disqualified and estopped from maintaining this petition.

Error is further alleged to have been committed because facts are alleged in the answer, which, it is claimed, show that the Hooven Corporation filed a petition in bad faith, for a sinister and ulterior purpose, and is equitably and legally barred from maintaining this petition. The petition pleads that the petitioner is a creditor for $50,000 for automatic typewriters sold and delivered to the alleged bankrupt, and for moneys paid out and expended for the latter's account from December 1, 1919, to February 28, 1920. The acts of bankruptcy are set forth as preferential transfers, and it is alleged that, since the same were made to prefer such creditors over its other creditors in the same class, property was conveyed, transferred, and concealed and removed with the intent to hinder, delay, and defraud its creditors. In the amended answer filed there is a denial of these allegations, and seven separate affirmative defenses are interposed. The court below dismissed six of the seven defenses, and this is now sought to be reviewed on this petition to revise.

We think the petition sufficiently sets forth that the petitioning creditor has a provable claim in excess of $500 and is not entitled to priority of payment within the meaning of section 64b of the Bankruptcy Act and the amendments thereof (Comp. St. § 9648), and, further, that

it has not received a preference within the meaning of the Bankruptcy Act. The claim is set forth as for typewriters sold and delivered to the alleged bankrupt, moneys laid out and expended for the account of the bankrupt, between the dates which are fixed, in excess of $50,000, and there is the further allegation that an unliquidated claim exists in favor of the petitioner against the bankrupt for breach of contract. The fifth paragraph of the petition sets forth that the alleged bankrupt is insolvent, and committed acts of bankruptcy by preferential payments and conveyances made to hinder, delay, and defraud the creditors. These allegations may have been more specific as to detail, but as set forth are sufficient.

In re Connecticut Brass & Mfg. Co. (D. C.) 257 Fed. 445, is referred to us as an authority supporting the contention of the petitioner that the petition here is insufficient in its allegations; but that case refers to the allegation of insolvency in a bill in equity for the appointment of receivers and not to a petition in bankruptcy. The form used by the draftsman of the petition here in question is that which has been used under the rule promulgated by the Supreme Court of the United States as General Orders in Bankruptcy, and is known as General Order 38 (89 Fed. xiv, 32 C. C. A. xxxvii). "It is the form which shall be observed and used with such alterations as may be necessary to suit the circumstances of any particular case." The plea of insolvency, as alleged by the petitioning creditor here, is in conformity with the form there adopted.

[1] The petitioning creditor instituted an action in equity prior to the filing of the petition praying for an adjudication in bankruptcy. It also caused to be issued a warrant of attachment against the property of the alleged bankrupt and procured a levy upon its property. A motion was made to vacate this attachment, which was granted; but a formal order giving effect to said decision was not entered, and the petitioner was permitted to make another application for another attachment. The warrant of attachment was therefore not formally vacated at the time of the filing of this petition, and the property of the alleged bankrupt was in the custody of the sheriff of the county of New York by virtue of said writ of attachment. A creditor, who in good faith obtains an attachment against a debtor's property within four months of the filing of a petition in bankruptcy, may join in the petition to have the debtor adjudicated an involuntary bankrupt. Stevens v. Nave-McCord Mercantile Co., 150 Fed. 71, 80 C. C. A. 25; In re Hornstein (D. C.) 122 Fed. 266. And this, although the attachment has not been formally released. The court has the power to require the attachment lien to be released before an adjudication is entered. In re Stevens v. Nave-McCord, supra, Sanborn, J., writing for the court said:

"Such a preferred creditor may present or may join in a petition for an adjudication of bankruptcy. But he may not be counted for the petition unless he surrenders his preference before the adjudication."

If an adjudication be had here, the effect would be a dissolution of the attachment obtained, and therefore there would be no preference to

the petitioning creditor. It is thus obvious that the fact that an attachment was obtained here, and was not formally vacated by an order of the court at the time of the filing of the petition, did not give a preference, and did not incapacitate the petitioner from filing the petition. The advantage, if any were gained by the writ of attachment, cannot avail the petitioner in the bankruptcy court, and it therefore cannot defeat the right of a creditor having a provable claim of the requisite nature and amount to file a petition in involuntary bankruptcy.

We find nothing in the Bankruptcy Act itself which forbids a creditor filing a petition under similar circumstances. While the attachment obtained by the respondent remains unvacated of record, this respondent could not secure any advantage by that fact. When the order is entered vacating the attachment, it will be effective as of the date of decision of the court below vacating the same. This was a date before the bankruptcy. Furthermore, the preferred creditor who files a claim may surrender his preference at any time before the claim is allowed. This he need not do before the filing of the claim. We think the court below committed no error in refusing to dismiss the petition in bankruptcy because of this.

[2] As a defense, it is pleaded in the amended answer that the respondent instituted an action in the Supreme Court against the revising petitioner to recover $55,072.37 for goods sold and delivered and money expended, and that this action was removed from the state court to the federal court, where a counterclaim was interposed, and that at the time of the filing of the petition in bankruptcy this action was still pending. These proceedings were not a bar to instituting proceedings in bankruptcy, and we find no error below in dismissing this defense.

[3] The fourth defense pleads that the alleged bankrupt's involuntary petition in bankruptcy was not filed in good faith, but was filed vexatiously and maliciously, for the sinister, selfish, and ulterior purpose of defeating the claim of the cause of action set forth in the counterclaim of the revising petitioner. If it be proved by competent evidence that the bankrupt is insolvent, and committed acts of bankruptcy, and the other necessary jurisdictional facts are present, an adjudication in bankruptcy will follow therefrom, and what reasons or motives inspired or instigated the proceedings are of no importance, and will not defeat an adjudication. It is the right of action which is evidenced by facts alleged and proven that must prevail; whatever may be the motive, it will not support or defeat the cause of action. In re Binninger, Fed. Cas. No. 1,420; In re Duncan, Fed. Cas. No. 4,131. If there be any merit in the counterclaim interposed by the revising petition, this is a matter which can be determined upon the trial of the contested claim of insolvency, as may the contested claim of indebtedness, owing to the petitioning creditor from the revising petitioner.

The further defense, struck out as pleaded, was that, within four months of the filing of the involuntary petition, the revising petitioner paid to the respondent the sum of $15,000, which sum the respondent received and has not surrendered. This is not a plea that a preference

was secured by the respondent. We think the court below correctly struck out this defense. We find no error was committed in the determination below.

Both orders are affirmed.