### In re STANDARD-DETROIT TRACTOR CO.

(District Court, E. D. Michigan, S. D. October 31, 1921.)

No. 4333.

1. **Bankruptcy ⊜165(1)—Payment in discharge of previously acquired lien by garnishment not a preference.**
   Under Bankruptcy Act, §§ 60a, 60b (Comp. St. § 9644), defining preference and the creation thereof by judgment, and under Comp. Laws Mich. 1915, § 13123, declaring a garnishee liable to the creditor from the time of the service of the writ to amount indebted, payment to a creditor from garnishees of a bankrupt within four months of the bankruptcy proceedings, but in discharge of a lien created by service on such garnishees long before such limited period, did not constitute a voidable preference, disqualifying petitioning creditor unless he surrendered it.

2. **Bankruptcy ⊜166(2)—Intent as to preference derived from circumstances with regard to presumption as to consequences of acts.**
   In determining whether a bankrupt's intent to prefer a creditor is to be inferred from the facts and circumstances surrounding the transaction, court will bear in mind presumption that he intended the necessary consequences of his voluntary acts.

In Bankruptcy. In the matter of the alleged bankruptcy of the Standard-Detroit Tractor Company. On involuntary petition and answer thereto, involving issue of preference and acts of bankruptcy. Petition granted.

Clark, Emmons, Bryant, Klein & Brown, of Detroit, Mich., for petitioning creditors.

Goodenough, Voorhis & Long, of Detroit, Mich., for bankrupt.

TUTTLE, District Judge. This matter is before the court on the involuntary petition in bankruptcy herein and the answer of the bankrupt thereto. It is undisputed that the creditors of the bankrupt are less than 12 in number and that, except as hereinafter otherwise claimed, the necessary jurisdictional facts exist. A jury has been waived

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and the issues involved submitted to the court for decision upon the facts agreed upon.

Two questions are presented, as follows:

(1) Did the petitioning creditor Overton receive from the bankrupt, within four months immediately preceding the filing of the petition in bankruptcy herein, a voidable preference which disqualifies him as a petitioning creditor until he surrenders such preference?

(2) Was the act of the bankrupt, in making, within the four months prior to the filing of the petition in bankruptcy against it, and while it was insolvent, a payment to one of its creditors, the First & Old Detroit National Bank, on an existing indebtedness, an intentional preference of such creditor, and therefore an act of bankruptcy, as alleged in said petition in bankruptcy?

[1] 1. With respect to the first question, the material facts and circumstances surrounding the receipt by said petitioning creditor of the payment alleged by the bankrupt to constitute such voidable preference are as follows: On September 7, 1917, said creditor instituted a suit against the bankrupt for the recovery of an alleged indebtedness, amounting to over $30,000, and at the same time and in the same action obtained a writ of garnishment (issued and served on the garnishee defendants on said date) against certain debtors of the bankrupt, thereby garnisheeing and sequestrating in the hands of said garnishee defendants about $500 due from them to said bankrupt. On April 8, 1919, said petitioning creditor obtained a judgment against the bankrupt in said action for the sum of $32,008.34, and thereupon, and within four months immediately preceding the date of the filing of the petition in bankruptcy herein (which was May 27, 1919), recovered judgment against said garnishee defendants, and collected thereon, from such garnishee defendants, the amount theretofore garnisheed, namely, $565.29, which sum he applied on his judgment against the bankrupt and still retains.

Section 60b of the Bankruptcy Act (Comp. St. § 9644) provides as follows:

"If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

Section 60a, of the act (section 9644) defines a preference as follows:

"A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, * * * made a transfer of any of his property, and the effect of the enforcement of such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

It is conceded by the petitioning creditor that, if he has received a voidable preference, he cannot maintain his petition without surrendering or offering to surrender such preference before adjudication. It is therefore unnecessary to consider the question whether such a creditor may file such a petition without making a surrender of any voidable preference, previously obtained, a question which, in view of the distinction between the proving and the allowance of a claim in bankruptcy, and the consequent difference between the meaning of the terms "provable" and "allowable," is not free from difficulty, and cannot, in my opinion, be regarded as authoritatively decided. Frederic L. Grant Shoe Co. v. W. M. Laird Co., 212 U. S. 445, 29 Sup. Ct. 332, 53 L. Ed. 591; Lesser v. Gray, 236 U. S. 70, 35 Sup. Ct. 227, 59 L. Ed. 471; In re Gillette (D. C.) 104 Fed. 769; In re Herzikopf (D. C.) 118 Fed. 101; In re Hornstein (D. C.) 122 Fed. 266; In re Fishblate Co. (D. C.) 125 Fed. 986; Stevens v. Nave-McCord Mercantile Co., 150 Fed. 71, 80 C. C. A. 25 (C. C. A. 8); In re Murphy (D. C.) 225 Fed. 392; In re Automatic Typewriter & Service Co., 271 Fed. 1 (C. C. A. 2).

Passing, then, to the question whether, upon the facts disclosed by the record, this petitioning creditor received a voidable preference prior to the time of the filing of his petition in bankruptcy, I am clearly of the opinion that such question must be answered in the negative. As already observed, the writ of garnishment resulting in the alleged preference was served upon the garnishee defendants long prior to the statutory four months' period. Section 13123 of the Michigan Compiled Laws of 1915 provides that—

"From the time of the service of such writ, the garnishee shall be liable to the plaintiff to the amount of property, money, goods, chattels and effects under his control, belonging to the principal defendant, or of any debt due or to become due from such garnishee to the principal defendant."

The effect, therefore, of the service of the writ of garnishment, was to fasten a lien upon the indebtedness of the garnishee defendants to the principal defendant in the garnishment proceedings, the bankrupt herein, and to thereby subject the property of such bankrupt, consisting of its right to recover such indebtedness, to the lien of such garnishment. In re Ransford, 194 Fed. 658, 115 C. C. A. 560 (C. C. A. 6). As this lien was created more than four months prior to the time of the filing of the bankruptcy petition, and is not shown to have been fraudulent, it cannot, of course, be held preferential or void, and, indeed, no such claim is advanced by the bankrupt. It follows that the payment of the amount thus sequestrated, and held subject to the lien of the garnishment, was a payment pursuant to, and in discharge of, such previously acquired lien, and therefore did not constitute a preference within the meaning of the Bankruptcy Act, although made within the statutory four months period, as any advantage accruing to the one creditor, as well as any disadvantage caused to other creditors, by the transaction, resulted from the lien and not from the payment thereon and discharge thereof. Fisher v. Zollinger, 149 Fed. 54, 79 C. C. A. 76 (C. C. A. 6); In re Reese-Hammond Fire Brick Co., 181 Fed. 641,

104 C. C. A. 371 (C. C. A. 3); Britton v. Union Investment Co., 262 Fed. 111 (C. C. A. 8).

[2] 2. Coming to the question concerning the alleged act of bankruptcy, section 3 of the Bankruptcy Act (Comp. St. § 9587) provides that an act of bankruptcy by a person shall consist, among other things, of his having, within four months prior to the time of the filing of a petition in bankruptcy against him, "transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors." It is charged in the petition that the bankrupt committed such an act of bankruptcy, in making a preferential payment to one of its creditors, as hereinbefore mentioned. It is undisputed that such payment was made within the statutory four months period, that it constituted a transfer of substantially all of the property of the bankrupt, that the bankrupt was insolvent at the time of such payment, and that just prior thereto it had knowledge that it was insolvent. It is, however, denied that the payment was made with intent to prefer the creditor receiving it.

The question, therefore, which is one of fact, presented in this connection, is whether such intent is to be inferred from the facts and circumstances surrounding the transaction, bearing in mind the principle, applicable here, that one is presumed, in the eyes of the law, to intend the necessary consequences of his voluntary acts. Without discussing in detail the undisputed facts, which would serve no useful purpose, I deem it sufficient to express my conclusion that such facts are fully sufficient to warrant the inference, and I so find, that the payment in question, which operated as a preference, was made with the intent, on the part of the bankrupt, to prefer the creditor receiving it over its other creditors of the same class, within the meaning of the Bankruptcy Act, and that therefore the bankrupt has committed the act of bankruptcy thus charged. Toof v. Martin, 13 Wall. 40, 20 L. Ed. 481; Johnson v. Wald, 93 Fed. 640, 35 C. C. A. 522 (C. C. A. 5); In re Bloch, 109 Fed. 790, 48 C. C. A. 650 (C. C. A. 2); Rex Buggy Co. v. Hearick, 132 Fed. 310, 65 C. C. A. 676 (C. C. A. 8); Naylon & Co. v. Christiansen Harness Mfg. Co., 158 Fed. 290, 85 C. C. A. 522 (C. C. A. 6); In re Condon. 209 Fed. 800, 126 C. C. A. 524 (C. C. A. 2).

It results that the prayer of the petition must be granted, and an adjudication ordered in accordance therewith.