## WINKLEMAN v. OGAMI et al.
### No. 9817.

Circuit Court of Appeals, Ninth Circuit.
Oct. 3, 1941.

[2] Hill v. Favour, 52 Ariz. 561, 84 P.2d 575, 580.

[3] Revised Code of Arizona, 1928, § 3854.

Moe M. Tonkon, of Portland, Or., for appellant.

Willis West, of Portland, Or., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This appeal is from an order adjudging appellant a bankrupt. The case is here on an agreed statement containing little more than a skeleton outline of the facts necessary to present appellant's sole contention, namely, that a creditor who has received a voidable preference is not qualified and may not be counted as a petitioning creditor in an involuntary proceeding unless he first surrenders or offers to surrender the preference.

The bankrupt has more than twelve creditors. Three of them joined in the bankruptcy petition. One of the three is concededly qualified. As to the other two, the bankrupt offered evidence tending to prove that they had received voidable preferences and had made no offer to return them. The court, apparently being of opinion that the point was not material, declined to consider the evidence relating to it, and the ruling is said to be error.

The relevant statutory provisions are those contained in 11 U.S.C.A. § 95, subdivisions b and e, Act of June 22, 1938, c. 575, § 1, 52 Stat. 867. Subdivision e, which appellant claims is controlling, is copied in the margin.[1] Subdivision b, relating directly to those who may file petitions, states: "Three or more creditors who have provable claims fixed as to liability and liquidated as to amount against any person which amount in the aggregate in excess of the value of securities held by them, if any, to $500 or over; or if all of the creditors of such person are less than twelve in number, then one of such creditors whose claim equals such amount may file a petition to have him adjudged a bankrupt".

Presumably the three creditors who joined in the petition below have provable claims fixed as to liability and liquidated as to amount. There is nothing in the agreed statement to indicate the contrary, nor does appellant contend otherwise. He concedes the right of the two creditors in question to join in the petition but attacks their "qualification to be counted as one of the required number of petitioning creditors under the statute". He says the decisions prior to the adoption of the Chandler Act, as well as the provisions of subdivision e of the amended statute, support his view. With one exception, the cases relied on are district court decisions; and so far as their holdings support appellant we do not find the reasons given therefor impressive. Those most nearly in point are shown on the margin.[2]

---

[1] e. "In computing the number of creditors of a bankrupt for the purpose of determining how many creditors must join in the petition, there shall not be counted (1) such creditors as were employed by the bankrupt at the time of the filing of the petition; (2) creditors who are relatives of the bankrupt or, if the bankrupt is a corporation, creditors who are stockholders or members, officers or members of the board of directors or trustees or of other similar controlling bodies of such bankrupt corporation; (3) creditors who have participated, directly or indirectly, in the act of bankruptcy charged in the petition; (4) secured creditors whose claims are fully secured; and (5) creditors who have received preferences, liens, or transfers void or voidable under this title."

[2] In re Fishblate Clothing Co., D.C., 125 F. 986; In re Murphy, 225 F. 392; In re Macklem, D.C., 22 F.2d 426; and In re Harry R. Phillips Co., D.C., 28 F.2d 299.

The case of Stevens v. Nave-McCord Co., 150 F. 71 is a decision of the Court of Appeals of the Eighth Circuit, but examination of that case shows that the point with which we are here concerned was not material and was not decided. Indeed, decision of it was expressly reserved in the opinion.

■ On its face the statute is plain. A creditor who has received a voidable preference may nevertheless prove his claim, although it may not be allowed unless the preference is surrendered or except upon condition that it be surrendered. See 11 U.S.C.A. § 93, subdivisions a, c, g. Notwithstanding he has received a preference, he has a "provable claim", Stevens v. Nave-McCord Co., supra, In re Hornstein, D.C., 122 F. 266, 272-275, and the statute in terms requires no higher qualification than that on the part of a petitioning creditor. Compare In re Automatic Typewriter & Service Co., 2d Cir., 271 F. 1.

■ Subdivision e of the statute, on which appellant leans, has a purpose quite distinct from that of subdivision b. It proceeds upon the theory that creditors in certain categories, such as employees, relatives, or stockholders of the debtor, as well as those who have received preferences, will, in the nature of things, be averse to joining in a petition to have their debtor adjudged an involuntary bankrupt; hence they are not to be counted in computing the number of creditors for the purpose of determining whether one petitioning creditor is sufficient or whether three must join. If, as is here contended, the subdivision means that the creditors enumerated in it shall not be "counted either for or against the petition", it necessarily follows that employees and relatives of the debtor, although having provable claims, are on the mere score of relationship debarred from initiating an involuntary adjudication. Congress manifestly did not intend that, nor does the statute admit of such interpretation. The subdivision, however, makes no distinction between such creditors and those holding preferences.

We see no persuasive reason for engrafting extra-statutory limitations on those provisions of the Chandler Act which prescribe the qualifications of petitioning creditors, since terms having elsewhere in the law a well defined meaning were deliberately used. A creditor who has received a voidable preference gains no advantage over his fellows by helping put his debtor in bankruptcy; rather, he places himself in a position where he impliedly offers to relinquish any preference he may be held to have received and in any event subjects himself to the necessity of so doing. Nor does the agreed statement before us disclose any circumstance that could properly be thought, on considerations of a general nature, to estop appellees from seeking an adjudication.

Affirmed.