WEST SIDE TENNIS CLUB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107002. Promulgated December 18, 1942.

*Lawrence A. Baker, Esq.*, for the petitioner.
*Clay C. Holmes, Esq.*, for the respondent.

**OPINION.**

BLACK, *Judge:* The only questions remaining in this proceeding are (1) whether petitioner is liable for the surtax on undistributed profits

imposed by section 14 (b) of the Revenue Act of 1936, and, if so, (2) whether the respondent erred in computing petitioner's "adjusted net income" as defined in section 14 (a) (1) of the same act and in computing petitioner's "undistributed net income" as defined in section 14 (a) (2) of the same act as amended by section 501 (a) (1) of the Revenue Act of 1942. The provisions of section 14, as amended, in so far as they are material in this proceeding are in the margin.[1] At the time petitioner filed its return for the 1937 taxable year the proceeding in Docket No. 83338 was pending before the United States Board of Tax Appeals. Although it reported a net income on its return for the 1937 taxable year, it did not make any tax computation on such net income pending the final decision in Docket No. 83338 on its claim for exemption from taxation for the 1933 and 1934 taxable years under section 103 of the Revenue Act of 1932 and section 101 of the Revenue Act of 1934, respectively. After the final decision had been rendered in Docket No. 83338, *West Side Tennis Club*, 39 B. T. A. 149; affd., 111 Fed. (2d) 6; certiorari denied, 310 U. S. 674, the respondent issued the deficiency notice in the instant proceeding. In view of the decision rendered in Docket No. 83338, petitioner in the instant proceeding is in no position to claim the exemption from taxation provided for in section 101 of the Revenue Act of 1936, and it is making no such claim. Petitioner concedes that it is liable for the normal tax provided for under section 13, but contends that it should not be held subject to the surtax on undistributed profits provided for under section 14, *supra*. Subsection (d) of that section lists seven kinds of corporations which shall not be subject to the surtax, but petitioner does not fall in any one of the seven classifications mentioned therein and it makes no contention that it does. Subsection (b) imposes the surtax "upon the net income of every corporation" and petitioner concedes that it falls within the literal grasp of this subsection, but it argues that, due to the nature of its organization and

---

[1] SEC. 14. SURTAX ON UNDISTRIBUTED PROFITS.

(a) DEFINITIONS.—As used in this title—

(1) The term "adjusted net income" means the net income minus the sum of—

(A) The normal tax imposed by section 13.

\* \* \* \* \*

(2) The term "undistributed net income" means the adjusted net income minus the sum of (A) the dividend paid credit provided in section 27, (B) the credit provided in section 26 (c) relating to restrictions on payment of dividends, (C) except in cases where section 26 (c) (1) is applicable, the deficit credit provided in section 26 (f), and (D) the redemption credit provided in section 26 (g).

(b) IMPOSITION OF TAX.—There shall be levied, collected, and paid for each taxable year upon the net income of every corporation a surtax equal to the sum of the following \* \* \*.

\* \* \* \* \* \*

(d) EXEMPTION FROM SURTAX.—The following corporations shall not be subject to the surtax imposed by this section : [Seven classes of corporations are listed, but petitioner does not fall in any one of the seven classifications.]

(e) EXEMPT CORPORATIONS.—For corporations exempt from taxation under this title, see section 101.

operation, the literal words of this part of the statute should not be applied to petitioner. Petitioner points out that in enacting section 14 of the Revenue Act of 1936 Congress had as its objectives three results, which, as stated in House of Representatives Report No. 2475, 74th Cong. 2d sess., on the Revenue Bill of 1936, were:

The major purposes of the change in the method of taxing corporate incomes are (1) to prevent avoidance of surtax by individuals through the accumulation of income by corporations, (2) to remove serious inequities and inequalities between corporate, partnership, and individual forms of business organization, and (3) to remove the inequity as between large and small shareholders resulting from the present flat corporate rates.

Petitioner cites *Stevens* v. *Nave-McCord Mercantile Co.*, 150 Fed. 71; *Darby-Lynde Co.* v. *Alexander*, 51 Fed. (2d) 56; *Haggar Co.* v. *Helvering*, 308 U. S. 389; *United States* v. *Kirby*, 74 U. S. 482; *Heyenfeldt* v. *Daney Gold, etc., Co.*, 93 U. S. 634; and *Church of the Holy Trinity* v. *United States*, 143 U. S. 457, for the propositions that in construing a statute the intention of the legislative body should always be ascertained and given effect and construed in the light of its purposes; that a literal reading of a statute which would lead to an absurd result should be avoided when the statute can be given a reasonable application consistent with its words and with the legislative purpose; and that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit nor within the intention of its makers.

Petitioner then argues that, having in mind the objectives of Congress in enacting section 14 and the rules of statutory construction as enunciated in the cited cases, *supra*, it was never the intention of Congress to impose the surtax on a corporation like petitioner which was organized and operated as a social club and which has never issued shares or certificates of stock of any kind or paid in cash or property any part of its income to its members.

We think petitioner is subject to the surtax on undistributed profits. Article 14–1 of Regulations 94 provides in part that "Every corporation is subject to the surtax imposed by section 14 (b) except corporations expressly exempt from taxation under Title I (see section 101) and those corporations enumerated in section 14 (d)." If petitioner had met the requirements of section 101 (9) of the Revenue Act of 1936, which are identically the same as those contained in the Revenue Acts of 1932 and 1934 and were considered and applied in *West Side Tennis Club, supra*, petitioner would have been exempt from both the normal and surtax imposed by Title I of the Revenue Act of 1936, for, as stated in Senate Report No. 2156, 74th Cong., 2d sess., Calendar No. 2266 on the Revenue Bill of 1936: "Of course, corporations which are exempt under section 101 from tax (mutual, charitable, religious, cooperative, and other corporations) are exempt from the undistrib-

uted-profits surtax." But petitioner is not exempt under section 101. *West Side Tennis Club, supra.* Petitioner does not fall within the classification of any of the corporations mentioned in section 14 (d). It is a corporation and it has net income, and section 14 (b) imposes the surtax "upon the net income of every corporation."

The contention which petitioner is making is not unlike in principle that which the taxpayer made in *O'Sullivan Rubber Co.*, 42 B. T. A. 721. In affirming our decision in that case that the taxpayer was subject to the personal holding surtax provided by section 351 (b) (1) of the 1934 Act, the court, among other things, said:

Being a corporation for the purpose of Title I, petitioner is also one for the purpose of Title IA, which imposed the personal holding company surtax in issue here. Section 351 refers to "any corporation", and by section 351 (b) (4) this term "shall have the same meaning as when used in Title I." Petitioner does not suggest, nor can we find, any justification in the language for exempting it under Title IA without also exempting it under Title I.

Likewise, in the instant case, we having held in *West Side Tennis Club, supra,* that petitioner is not exempt under section 101 from the normal income tax imposed on corporations by section 13 and it being clear that petitioner is not one of the exempted corporations named in section 14 (d), we would be without warrant in holding that petitioner is immune from the surtax on undistributed profits imposed by section 14 (b). See *American Package Corporation*, 44 B. T. A. 179; affd., 125 Fed. (2d) 413. We, therefore, hold that the respondent did not err in determining that petitioner is liable for the surtax on undistributed profits.

As an alternative, petitioner contends that if it be held liable for the surtax on undistributed profits, the dues and the initiation fees should be excluded. In the proceeding in Docket No. 83338, *supra,* petitioner contended that the dues and initiation fees should not be included in taxable income on the ground that the initiation fees were nonrecurring capital items and the dues represented nothing more than the pro rata contribution of each member toward the expense of operating the club. Both the Board and the Second Circuit rejected these contentions. *West Side Tennis Club, supra.* As stated in its brief, petitioner "does not contend in this proceeding that the initiation fees and dues do not constitute income for taxation under section 13 as the opinion in the prior case is unquestionably res adjudicata of the question."

Once it is settled, as it is, that the dues and initiation fees should be included in "gross income," we think it necessarily follows that there is no merit to petitioner's present contention that they "be excluded in the computation of the adjusted undistributed net income." Section 21 of the Revenue Act of 1936 provides that " 'Net income' means the gross income computed under section 22, less the deductions

allowed by section 23." The only deduction claimed by petitioner on its return which was questioned by the respondent was depreciation, and the parties have stipulated their differences as to that item. Giving effect to the stipulation the parties are now in agreement that petitioner's "net income" for taxation under section 13 is the amount of $14,973.51 ($17,265.29 determined by the respondent less $2,291.78 additional depreciation stipulated as allowable). The statute makes this "net income" the basis for the computation of the "adjusted net income." See sec. 14 (a) (1), *supra.*

The statute then makes the "adjusted net income" the basis for the computation of the "undistributed net income." See section 14 (a) (2), *supra,* as amended. Petitioner makes no claim for a dividend paid credit provided in section 27 or for the credit provided in section 26 (c) relating to restrictions on payment of dividends. Since the submission of this proceeding Congress, by section 501 (a) (1) of the Revenue Act of 1942, amended section 14 (a) (2) of the Revenue Act of 1936, effective as of the date of the enactment of the Revenue Act of 1936, by providing for two additional credits—the deficit credit and the stock redemption credit. Petitioner had an earned surplus and undivided profits of over $200,000 as of the beginning and end of the taxable year, and, since it did not redeem any preferred stock during the year, it would not be entitled to either of these additional credits provided by the Revenue Act of 1942. It follows, therefore, that there is no amount to be subtracted from the adjusted net income in determining petitioner's "undistributed net income" under section 14 (a) (2), *supra,* as amended.

Petitioner, however, contends that "Entirely apart from the express statutory provisions we contend that when petitioner collects initiation fees and dues from its members the terms of its constitution and by-laws and its relationship to its members impress the collections with at least an implied trust preventing their use for purposes other than the benefit of the club as a whole." In our opinion there is only one answer to this contention, and that is the answer we have already made, that once the dues and initiation fees are held includable in gross income, as they were in *West Side Tennis Club, supra,* it follows that they may not be excluded in computing the adjusted net income and the undistributed net income unless specific provision is made therefor in section 14 (a) (1) and (2), *supra,* as amended. Since there is no such specific provision, petitioner's alternative contention is denied.

*Decision will be entered under Rule 50.*