## In re COOPER.

(District Court, D. Massachusetts. April 9, 1926.)

No. 35220.

1. **Bankruptcy** ⚖==76(2)—**As to right of single creditor to file petition, creditors who have been paid, though preferred, are not to be counted (Bankruptcy Act, § 59b [Comp. St. § 9643]).**

Creditors who have been paid, though the payment constitutes a voidable preference, which has not been returned, cannot be counted for the purpose of determining whether a petition may be filed by a single creditor, under Bankruptcy Act, § 59b (Comp. St. § 9643).

2. **Bankruptcy** ⚖==54—**Doubtful and disputed claim is not to be considered as asset in determining solvency (Bankruptcy Act, § 1a [15], being Comp. St. § 9585).**

A claim for unliquidated damages for breach of contract, disputed and doubtful, *held* properly excluded in determining insolvency of an alleged bankrupt, under Bankruptcy Act, § 1a (15), being Comp. St. § 9585.

In Bankruptcy. In the matter of George Cooper, alleged bankrupt. On report of special master. Adjudication ordered.

Robert G. Wilson, Jr., of Boston, Mass., for bankrupt.

Alexander G. Gould, of Boston, Mass., for creditor.

BREWSTER, District Judge. This involuntary petition in bankruptcy is brought by one creditor, alleging that all of the creditors of Cooper were less than twelve in number.

The petition was referred to a special master to report on the question of adjudication. The case is now before the court on the master's report, with certain requests for findings of fact and rulings of law.

In his report, which contains a very comprehensive recital of the facts of the case, including some of the evidence submitted, the master finds that the petitioner was a creditor of the alleged bankrupt, having a claim of over $1,000, that the creditors were less than twelve in number, and that the alleged bankrupt had committed acts of bankruptcy set forth in the petition, in that he had, while insolvent, transferred a portion of his assets to certain creditors, with intent to prefer such creditors over other creditors of the same class.

After careful examination of the report, I see no occasion for disturbing any of the findings of fact of the master or the conclusions which he reached.

The two requests for rulings of law demand attention.

[1] First, as to the number of creditors of the alleged bankrupt, it appears from the report that, shortly prior to the filing of the petition in these proceedings, the bankrupt paid off some twenty creditors, leaving less than twelve in number unpaid. Respecting some of these creditors it may be successfully claimed that they received a voidable preference, but it seems to be well settled that such creditors cannot be counted for the purpose of determining whether a petition may be brought by a single creditor under section 59b of the Bankruptcy Act, being Comp. St. § 9643 (Stevens v. Nave-McCord Co., 150 F. 71, 80 C. C. A. 25), at least until the creditor has surrounded his preference (In the Matter of Murphy [D. C.] 225 F. 392). Moreover, the alleged bankrupt did not comply with the provisions of section 59d, by filing with his answer a list, under oath, of all of the creditors.

The master correctly held that the petitioner was entitled to bring this petition as a single creditor under section 59b.

[2] It further appears that the alleged bankrupt, after these proceedings were instituted, brought a suit for breach of contract against one Vaughan. A copy of the declaration was received in evidence without objection. The alleged bankrupt offered to prove that Vaughan was responsible; that a contract had been entered into between Vaughan and the alleged bankrupt; the nature of the contract, a breach of it, and that the claim was for substantially the ad damnum of $50,000 named in the writ. This evidence the master refused to receive on the question of insolvency.

Apart from this alleged claim against Vaughan, the master found that the total assets amounted to nearly $20,000, and that the total liabilities approximated $50,000.

It is obvious from his report that the master proceeded on the theory that the claim against Vaughan was of such a nature that it could not be considered as an asset, within the meaning of section 1a (15), being Comp. St. § 9585. If the master proceeded on a correct view of the law, an adjudication should be ordered upon the petition; otherwise the petition should go back to the master for further evidence respecting this claim.

It appears sufficiently clear from the report, including the offer of proof, that the claim had not been seriously considered by

Cooper up to the time of the filing of this petition; that it grew out of transactions relating to reorganization of the bankrupt's business; that plans for such reorganization were abandoned; that Vaughan's agreement consisted in some indefinite undertaking to furnish financial assistance to Cooper; that the claim was not only disputed, but was of doubtful validity. In view of this situation, I am satisfied that the action of the master was justified. The test seems to be whether the claim is one that can be rendered available for the payment of debts within a reasonable time. See Louisiana National Life Assurance Soc. v. Segen (D. C.) 196 F. at 905; Stern v. Paper et al. (D. C.) 183 F. 228; In re Kobre et al. (D. C.) 224 F. 106. A claim for unliquidated damages resulting from breach of contract, disputed and doubtful, falls short of meeting the test. I am of the opinion, therefore, that the action of the master in excluding the evidence was proper, and that accordingly adjudication must follow.

The requests for rulings of law submitted by the alleged bankrupt are denied.

The evidence was not reported, and on the face of the report the master's findings of fact do not appear to be erroneous. The alleged bankrupt's request for findings is therefore denied.

The master's report is confirmed, and an order of adjudication may be entered upon the petition in this case.