**Oscar JONES, Trustee, Plaintiff,**

v.

**Nellie Elizabeth ROWLAND, Defendant.**

**No. 8108 Civ.**

United States District Court,
D. New Mexico.
Feb. 5, 1971.

---

Hinkle, Bondurant & Christy, Paul Kelly, Jr., Roswel, N. M., for plaintiff.

Hannett, Hannett, Cornish & Barnhart, Chas. E. Barnhart, Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION

MECHEM, District Judge.

This suit was filed pursuant to Title 11 U.S.C.A. Sec. 107(d) (2) to set aside a conveyance of real property, from Hugh Rowland to his wife Nellie Elizabeth Rowland, which was recorded the 24th of June, 1968.

There is no question that the real property was transferred to the wife "without fair consideration" and within the period of one year before Rowland filed a Petition in Bankruptcy in May of 1969. There is no allegation of nor proof of fraud. The question presented goes to whether Rowland was insolvent at the time of the transfer (about eleven months before the filing of the Petition) or if not whether he was rendered insolvent by the conveyance.

■ The burden of proving the insolvency of the bankrupt at the time of transfer or that he was rendered insolvent thereby is on the trustee in Bankruptcy. This burden must be established by a preponderance of the evidence.

The plaintiff introduced a financial statement prepared by an accounting firm as of December 31, 1968, which showed that Rowland's business (Rowland Associates, Inc.) some six months after the transfer in question, had a retained earnings deficit of $108,820. The statement also reflected that as of June 30, 1968, six days after the challenged transfer, the business had a retained earnings deficit of $103,444.

Neither the retained earnings deficit nor any other item in the December 30, 1968 balance sheet reflect insolvency of Hugh Rowland or Rowland Associates. There is no evidence of solvency or insolvency as of June 24, 1968, and only the showing of a retained earnings deficit as of June 30, 1968.

■ The plaintiff presented no statement which would reflect Rowland's business position prior to the date of conveyance so as to show insolvency and did not prove that the business was insolvent on the critical date or six months later. There was evidence which was not controverted that Rowland had assets which the accounting firm had not considered in its statement due to the fact that they had not then been invoiced. The C.P.A. witness stated that these contracts had value but would not testify as to any amount.

There is no doubt that Rowland's business was on a downward trend at the time of financial statement and probably at the time of the conveyance but there is no evidence beyond speculation and conjecture that Rowland was insolvent when he made the conveyance to his wife or that he was rendered insolvent thereby.

Therefore, it is ordered, adjudged and decreed by the court that the plaintiff has failed to sustain his burden of proving that at the time of the transfer Hugh Rowland was either insolvent or rendered insolvent by the transfer of the real property to his wife and judgment is entered in favor of the defendant.