**Oscar W. JONES, Trustee, Plaintiff-Appellant,**

v.

**Nellie Elizabeth ROWLAND, Defendant-Appellee.**

**No. 71–1235.**

United States Court of Appeals,
Tenth Circuit.

March 27, 1972.

Paul Kelly, Jr., Roswell, N.M., for plaintiff-appellant.

Charles E. Barnhart, Albuquerque, N. M., for defendant-appellee.

Before BREITENSTEIN, HILL and McWILLIAMS, Circuit Judges.

HILL, Circuit Judge.

The appeal is from a judgment rendered after a trial to the court, without a jury, denying the appellant-trustee recovery under the bankruptcy preference statute, § 67(d) of the Bankruptcy Act, 324 F.Supp. 494.

The record reflects the following undisputed basic facts. On June 24, 1968, a quitclaim deed to certain real property was filed of record. This instrument shows Hugh W. Rowland as grantor, and appellee, wife of grantor, as grantee. On May 16, 1969, and within one year of the recording of the quitclaim deed, Hugh W. Rowland filed a voluntary petition in bankruptcy. At the same time, Rowland Associates, Inc., a corporation

through which Rowland carried on his architectural business, filed its voluntary petition in bankruptcy. Both Rowland, individually, and his corporation were duly adjudicated. Appellant is the trustee of both estates, and as such trustee of the Hugh Rowland estate brought this plenary action to set aside the quitclaim deed as a preference, pursuant to the Bankruptcy Act.

The trial court found the transfer was "without fair consideration" and within one year of the filing of the voluntary petition, but concluded the trustee had not established the insolvency of the bankrupt at the time of the transfer by a preponderance of the evidence.

The evidence presented by appellant consisted in large part of a balance sheet for Rowland Associates, Inc., together with the testimony of the accountant who prepared the balance sheet. The financial status of Rowland Associates is material because of the contingent liability of Rowland individually under a guaranty agreement. The bankruptcy schedules filed by Rowland individually listed unexempt assets of $871 and liabilities of $297,000, of which $285,000 was the contingent guaranty executed in favor of Rowland Associates, Inc. The corporation listed assets of $71,292.43 and liabilities of $628,082.31.

The accountant who prepared the corporate balance sheet testified that on June 30, 1968, six days subsequent to the recordation of the deed, the liabilities of Rowland Associates, Inc. exceeded its assets by approximately $48,000. He further testified that six months later, on December 31, 1968, the excess of liabilities over assets had reached $53,820.

The deed was recorded on June 24, 1968, and the voluntary bankruptcy petitions were filed on May 16, 1969. Section 67(d)(2) of the Bankruptcy Act declares fraudulent, without regard to actual intent, transfers within one year of filing a bankruptcy petition which were made without fair consideration by a debtor who was insolvent or who was thereby rendered insolvent.

Appellant-trustee contends he proved insolvency of Rowland individually by a preponderance of the evidence by showing the excess of liabilities over assets within six days after the preferential transfer in question here. Appellee, however, contends this proof was insufficient in view of the accountant's failure to place a value on certain contracts having a prospective cash flow of $470,180 which were of some value to the business on both June 30 and December 31, 1968. The trial court placed great reliance on this failure to assign values to the anticipated contracts as evidenced by its statement, "There was evidence which was not controverted that Rowland had assets which the accounting firm had not considered in its statement . . . ." No evidence was introduced by defendant-appellee as to the value of these contracts to Rowland Associates, Inc.

The main question to be resolved is whether the failure to assign a value to the contracts as an asset of Rowland Associates, Inc. constituted a failure to establish insolvency of Rowland, individually, by preponderant proof. We think not. The nature of the asserted assets was that of claims for fees for architectural services. From the testimony it is readily apparent these were not definite contract obligations as many were still contingent on public fundings. Additionally, Rowland had not performed any services under many of the contracts.

A claim as an asset of an insolvent debtor was discussed in In re Cooper, 12 F.2d 485 (D.Mass.1926). A claim has value only to the extent of the value which can be received in exchange for the release of the claim. The asserted claim in Cooper was characterized as "disputed" and "of doubtful validity." The court then stated, at 486, "The test seems to be whether the claim is one that can be rendered available for the payment of debts within a reasonable time." Similarly, prospective profits on sale of ordered but undelivered goods were held "not property capable of val-

uation in determining the question of solvency." In re Bloch, 109 F. 790, 793 (2d Cir. 1901). The claims which Rowland asserts protect his position of solvency were clearly contingent upon the contracts coming to fruition and his performing under those contracts. These were not claims which were readily realizable. Being either contingent obligations or totally executory, we fail to accept appellee's argument that these contracts supply sufficient basis to conclude that he was solvent at the time of the transfer. When these contracts are considered together with the excess of liabilities over assets shown on the balance sheet, and testimony indicating questionable accounting values assigned other items, we can reach no other conclusion.

■■ Two other items appearing on the balance sheet of the accountant have some materiality here. First is the item of "good will" valued at $70,000 on the balance sheet of the corporation. Without dispute, there is no basis in accountancy for this item. Mr. Rowland admitted from the witness stand he did not know the source of this shown asset. Good will is rarely accepted as an asset in bankruptcy cases simply because the mere existence of the condition of bankruptcy precludes the existence of business good will.[1] Clearly, this asset item on the accountant's balance sheet must be rejected as an asset both at the time the balance sheet was prepared and at the time of adjudication. The second item is shown upon the balance sheet as "office improvements" valued at $14,694. Under undisputed evidence, this item must be rejected as an asset because, under the terms of the real estate lease, such improvements reverted to the landlord upon termination of the lease.

In conclusion, we must observe that in most instances it is virtually impossible for a trustee to prove insolvency on a given date prior to bankruptcy in this type case. Without doubt, the proof adduced by the trustee in this case, coupled with the lack of proof on behalf of the appellee, meets the preponderance of evidence requirement.[2] The trial court erred as a matter of law in his application of this rule.

Reversed and remanded with directions to enter judgment in favor of appellant-trustee as prayed for.

---

1. "The courts have quickly discounted fantastic claims of such assets and generally exhibited a great reluctance to accept good will as a separate asset . . . "

1 Collier on Bankruptcy ¶ 1.19 [3] p. 130.2.

2. 1 Collier on Bankruptcy ¶ 1.19 [5].