**IN RE: BAAB STEEL, INC. Debtor.**

**Case No. 08–12067 ABC**

United States Bankruptcy Court, D. Colorado

Filed August 22, 2013

Peter J. Lucas, Denver, CO, for Debtor.

F. Kelly Smith, Denver, CO, for Trustee.

Involuntary Chapter 7

*RULING AND ORDER ON TRUSTEE'S OBJECTION TO CLAIM NO. 21*

A. Bruce Campbell, United States Bankruptcy Judge

Before the Court is the question of whether, in an involuntary Chapter 7 case, debtor's counsel may recover from the bankruptcy estate for services rendered in opposing the involuntary petition on the debtor's behalf. The Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 1334(a) and (b) and 28 U.S.C. §§ 157(a) and (b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), as it concerns allowance or disallowance of a claim against this bankruptcy estate.

## Background and Facts

On February 22, 2008, an involuntary petition was filed against Baab Steel, Inc. On March 12, 2008, the alleged debtor answered, defending on the basis that the petition had been filed in bad faith and that petitioners failed to meet the requirements of petitioning creditors under HU.S.C.§ 303(b)(1).[1] Prior to trial of the contested petition, the Court ruled on petitioners' motion *in limine* that filing a petition in bad faith was not, as a matter of law, an independent defense to an involuntary bankruptcy petition. This Court ruled that it would not admit evidence on the good faith or bad faith of the petitioning creditors unless the alleged debtor prevailed in opposing the petition.[2] In connection with this ruling, the Court invited, and the alleged debtor made, a Rule 103(a)(2) offer of proof under the Federal Rules of Evidence. The Court ruled that, if the petitioning creditors failed to establish the criteria of sections 303(b)(1) and (h)(1) for an involuntary bankruptcy, only then would the Court hold a second trial on the debtor's entitlement to costs, fees and damages, at which it would admit evidence of petitioners' good or bad faith.

On June 11, 2008, the contested involuntary petition was tried. On June 13, 2008, the Court made its findings and conclusions and entered an order for relief.

On October 8, 2008, debtor's counsel, Appel & Lucas, P.C., filed proof of claim number 21 ("Claim No. 21") as a priority administrative expense claim in the amount of $44,500 for its legal fees incurred in opposing the involuntary petition. On August 12, 2009, the Chapter 7 trustee filed an objection to Claim No. 21 seeking its disallowance for lack of supporting documentation, failure of claimant

---

1. 11 U.S.C. section 303(b) states in relevant part:

 An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under Chapter 7 or 11 of this title—

 (1) by three or more entities, each of which is the holder of a claim against such person that is not contingent as to liability or the subject of a bonafide dispute as to liability or amount ... if such noncontingent, undisputed claims aggregate at least $14,425 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims. . . .
 11 U.S.C. § 303(b)(1)

2. Section 303(i) of the Bankruptcy Code states in relevant part:

 (i) If the court dismisses a petition under this section . . . . the court may grant judgment

 (1) against the petitioners and in favor of the debtor for—
 (A) costs; or
 (B) a reasonable attorney's fee; or

 (2) against any petitioner that filed the petition in bad faith, for—
 (A) any damages proximately caused by such filing; or
 (B) punitive damages.

Courts in other circuits have ruled both ways on the question of whether petitioners' bad faith in filing an involuntary petition is also an independent ground on which such a petition can be dismissed. *See, e.g., Basin Electric Power Coop. v. Midwest Processing Co.,* 769 F.2d 483 (8th Cir.1985) (involuntary petition was filed in bad faith, warranting dismissal, where petitioning creditor knew that debtor had 12 or more creditors but did not obtain the requisite number of petitioning creditors); *In re Automatic Typewriter & Service Co.,* 271 F. 1, 4 (2nd Cir.1921) (if the requisite elements for filing an involuntary petition are established by the evidence, then the motives of the petitioning creditors are irrelevant). This Court's ruling on the question was affirmed on appeal by the United States District Court. *In re BAAB Steel, Inc.,* D. Colo. No. 08–CV–01529–CMA (July 2, 2009).

to have been appointed under section 327, and failure of claimant to have applied for compensation under section 330. Appel & Lucas responded to the trustee's objection, clarifying that Claim No. 21 is a "gap period" claim for "defending the involuntary petition," entitled to priority under sections 502(f) and 507(a)(3).

On June 11, 2013, the trustee filed her certificate of contested matter, which brought the matter on for a non-evidentiary hearing on July 24, 2013. At that hearing, contested Claim No. 21 was set for an August 9, 2013 two-hour evidentiary hearing.

### The Record Before the Court on Debtor's Counsel's Claim for Fees

In lieu of presenting evidence through witnesses, the Chapter 7 trustee and claimant in this matter stipulated to the record before the Court and proceeded to final argument. The litigants stipulated to the admission of exhibits consisting primarily of copies of pleadings and other papers contained on the docket in this case. In addition, the trustee and claimant stipulated to the following facts:

— Debtor's counsel believed that the facts contained in the alleged debtor's offer of proof (Exhibit D), made following the Court's granting petitioning creditors' motion *in limine,* were true.

— The hourly rates reflected in debtor's counsel's time slips for work in the "gap" period (Exhibit C) in opposition to the involuntary petition are reasonable hourly rates.

— The time spent by debtor's counsel on matters reflected in Exhibit C, if the matters were appropriate for counsel's efforts, was not excessive.

### Discussion

■ No provision in the Bankruptcy Code authorizes payment from this bankruptcy estate for debtor's counsel's fees and costs incurred in opposing an involuntary petition. Appel & Lucas's proof of claim first asserts a claim for a priority administrative expense under sections 503 ("Allowance of administrative expenses") and 507 ("Priorities"). Section 503(b),[3] however, expressly excludes from administrative expenses "gap" claims "allowed under section 502(f)." Accordingly, Appel & Lucas's Claim No. 21 cannot be allowed as a section 507(a)(2)[4] second level priority administrative expense.

Claimant, in its response to the trustee's objection, next turns to section 502(f). That section provides,

> In an involuntary case, a claim arising *in the ordinary course* of the debtor's business or financial affairs after the commencement of the case but before ... the order for relief shall be ... allowed ... or disallowed ... as if such claim had arisen before the date of the filing of the petition. (emphasis supplied).

In turn, section 507(a) states,

> The following expenses and claims have priority in the following order:
>
> ...

---

3. Section 503(b) provides:
"After notice and a hearing, there shall be allowed administrative expenses, *other than claims allowed under section 502(f) of this title,* including [the items specified in subsections 503(b)(1)-(9) ]." (emphasis supplied)

4. Section 507 establishes the payment priority for the expenses and claims recited therein. Section 507(a)(2) accords second payment priority to administrative expenses allowed under section 503(b).

(3) Third, unsecured claims allowed under section 502(f) of this title.

 Legal work performed to oppose this alleged debtor's involuntary petition is not a claim "arising in the ordinary course" of a debtor's business contemplated by section 502(f). This section may reach routine or ongoing legal services performed in the gap period; it does not reach services rendered in opposing the involuntary petition against a debtor who has admitted to having been out of business for a number of years. Accordingly, Appel & Lucas's Claim No. 21 cannot be allowed as a section 507(a)(3) priority gap claim.

 The only other Bankruptcy Code provision authorizing payment of professional fees from a Chapter 7 debtor's estate is section 330. Section 330, however, by its terms is limited to professional persons employed under either section 327 or 1103. Section 1103 concerns Chapter 11 committee's appointment of professionals. Section 327, by its express terms, covers only professionals employed by "the trustee,"[5] not by a Chapter 7 debtor. Furthermore, such fees allowed under section 330 are considered "administrative expenses" in section 503(b)(2) and accorded second administrative priority under section 507(a)(2). This Court has previously observed that section 503(b) excludes administrative "gap" claims such as Appel & Lucas's fees claimed in its proof of claim.

The United States Supreme Court's decision in *Lamie v. U.S. Trustee*, 540 U.S. 526, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004), is instructive in this regard. There, the Court held that section 330 did not permit Debtor's counsel to collect professional fees from a Chapter 7 bankruptcy estate for the period after a Chapter 11 case was converted to a Chapter 7. In *Lamie* the Supreme Court ruled that section 330(a) does not authorize awards to debtors' counsel from estate funds, but only to attorneys whose appointment is authorized under section 327. 540 U.S. at 538–39, 124 S.Ct. at 1032.

The Court's analysis of the above sections of the Bankruptcy Code does not necessarily preclude debtor's counsel from being compensated for its work in unsuccessfully defending an involuntary petition filed against a debtor. It does preclude debtor's counsel from being paid *from the resulting Chapter 7 bankruptcy estate*. Debtor's counsel may be paid from other sources—most likely the debtor itself. If the debtor were to prevail in dismissing an involuntary petition, one might expect the debtor to pay for related legal fees and costs. The same result may follow an unsuccessful effort to oppose an involuntary petition.

 While the Bankruptcy Code does not prohibit the debtor, or anyone else, other than the bankruptcy estate, from paying debtor's counsel for "gap" attorney's fees incurred in opposing an involuntary petition, such payment, and any agreements regarding such payment, are subject to the court's review under section 329 as not exceeding "reasonable value." The Bankruptcy Court may order that any such fee, to the extent it is excessive, be returned to the bankruptcy estate or to the entity that made the payment or the court may cancel the agreement for such fee. 11 U.S.C. § 329(b).[6]

---

**5.** Section 1107(a) extends section 327's authority for a trustee to engage professionals to a Chapter 11 debtor-in-possession, but there is no corresponding statutory provision which includes a Chapter 7 debtor within the scope of "trustee."

**6.** That is precisely what occurred in the two gap period legal fees cases cited to the Court

### Conclusion

For the reasons stated herein, Appel & Lucas, P.C.'s Claim No. 21 shall be DIS-ALLOWED, and the Chapter 7 Trustee's objection to such claim is SUSTAINED. Judgment shall enter accordingly.

by counsel for the trustee and claimant. *Sullivan's Jewelry, Inc. v. Hibbits,* 226 B.R. 624 (8th Cir. BAP 1998); *In re McNar,* 116 B.R. 746 (Bankr.S.D.Ca.1990).