# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2046

_____

| | | |
|---|---|---|
| Donald W. Duncan, | * | |
| | * | |
| Plaintiff-Appellant. | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Department of Labor, | * | |
| Honorable Elaine L. Chao, | * | |
| Secretary, | * | PUBLISHED |
| | * | |
| Defendant-Appellee | * | |
| | * | |

_____

Submitted: September 3, 2002

Filed: October 22, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Robert W. Duncan applied to the Department of Labor for workers' compensation wages, claiming work-related depression affected his ability to work. The Department of Labor denied Duncan's request in a series of proceedings and the

1

district court[*] later dismissed his case for lack of subject matter jurisdiction. Duncan raises several arguments on appeal; we consider each in turn, reviewing the district court's decision de novo. See BP Chem. Ltd. v. Jiangsu Sopo Corp., 285 F.3d 677, 682 (8th Cir. 2002) (standard of review).

First, Duncan claims the Department of Labor denied him procedural due process when it adjudicated his claim. Because the Federal Employees' Compensation Act precludes judicial review of workers' compensation decisions made by the Department of Labor, 5 U.S.C. § 8128(b) (2000), Duncan must allege a substantial, cognizable constitutional claim to have the district court review his case. See Schneider v. United States, 27 F.3d 1327, 1332 (8th Cir. 1994) (a statute precluding judicial review does not bar review of constitutional claims arising under the statute). To state a claim for deprivation of due process, Duncan must first state a property interest that was deprived. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985). Contrary to Duncan's assertion, Duncan never had or acquired a property interest in his workers' compensation request because the federal government did not find Duncan was entitled to the benefits, or pay out the benefits. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 60 (1999). Further, even if Duncan did have a property right, we agree with the district court that he received the process to which he was entitled: notice and the right to be heard. Loudermill, 470 U.S. at 542.

Second, Duncan argues the Department of Labor denied him equal protection of the laws as a disabled veteran. Because Duncan does not identify the regulation(s) or procedure(s) which discriminate against veterans, generally, and him as a veteran, specifically, we assume the statute is facially neutral. Even assuming veterans are a protected class, Duncan's equal protection claims fail because he does not show

---

[*]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

intentional or purposeful discrimination on the basis of his status as a veteran. McCleskey v. Kemp, 481 U.S. 279, 292 (1987).

Third, Duncan contends the Department of Labor decision was based on conspiracy, fraudulent misrepresentation, and an abuse of authority–all tort claims. Because a federal agency cannot be sued under the Federal Tort Claims Act, the United States is the proper defendant. F.D.I.C. v. Meyer, 510 U.S. 471, 476-77 (1994). Although the Federal Tort Claims Act creates several exceptions to the United States' sovereign immunity, it requires the claimant to first "present[] the claim to the appropriate Federal agency," which Duncan did not do. 28 U.S.C. § 2675(a) (2000). Thus, the district court also lacked jurisdiction to hear Duncan's tort claims.

Fourth, Duncan argues the district court violated his Seventh Amendment rights by refusing to allow a jury trial. Because the district court's dismissal of Duncan's case was proper, there is no issue for trial and the district court's refusal to allow a jury trial was permissible. Perkins v. Spivey, 911 F.2d 22, 28 n.6 (8th Cir. 1990) ("an otherwise proper ruling is not erroneous merely because it has the incidental effect of precluding a jury trial").

For the reasons stated above, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3