

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-11-2005

# Kerrigan v. Secretary Labor

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4196

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Kerrigan v. Secretary Labor" (2005). *2005 Decisions.* Paper 436.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/436

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4196
_____

PHILIP J. KERRIGAN,

Appellant

v.

ELAINE CHOU, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-01189)
District Judge: Honorable Paul S. Diamond

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 7, 2005

Before: SLOVITER, BARRY AND FISHER, CIRCUIT JUDGES.

(Filed October 11, 2005)
_____

OPINION
_____

PER CURIAM.

Appellant Philip Kerrigan appeals from a District Court order granting Appellee's

motion to dismiss a complaint under the Federal Employees' Compensation Act (FECA),

5 U.S.C. §§ 8101-8152, for lack of subject matter jurisdiction. We agree that Kerrigan fails to establish subject matter jurisdiction and we will affirm the District Court's order.

## I.

On March 3, 1986, Kerrigan fell from a stool while working for the United States Navy, injuring his back. He submitted a FECA claim to the Office of Workers' Compensation Programs (OWCP), which eventually accepted the claim and paid compensation for the period April 23, 1986 through May 25, 1986, and again for the period of July 4, 1986 through March 24, 2002, when his compensation was effectively terminated.[1]

In 2001, the OWCP referred Kerrigan to an orthopaedic specialist who reported that Kerrigan could return to work with special accommodations. The OWCP then sent Kerrigan a letter referring him to vocational rehabilitation training. Kerrigan did not meet with the trainer. The OWCP informed him that failure to participate could result in the termination of his benefits. Kerrigan responded that he did not receive notice of the need to participate in training, and that the referral was based on fraudulent medical reports.

On March 24, 2002, the OWCP terminated Kerrigan's compensation for refusing to cooperate. He appealed the decision to the Branch of Hearings and Review (BHR), requesting an oral hearing. Prior to the hearing, however, he submitted a fairly complete

---

[1]The Secretary consistently states that benefits were terminated on May 19, 2002. However, the letter from the OWCP terminating benefits declares March 24, 2002, as the date of termination.

2

written argument, which the BHR construed as a request for a written review. The BHR affirmed the reduction in benefits on August 20, 2002, without conducting an oral hearing. Kerrigan then requested a second hearing with the BHR, which informed him that he was not entitled to a second hearing. He appealed to the Employees' Compensation Review Board, which affirmed the OWCP's decision.

Kerrigan filed the instant action on March 19, 2004, alleging (1) that under FECA, the OWCP improperly denied his claim for benefits; and (2) that in denying his claim, the Secretary denied him procedural due process and equal protection. The Secretary moved to dismiss the complaint for lack of jurisdiction. The District Court granted the motion, finding that Kerrigan's claims were barred under 5 U.S.C. § 8128(b), which precludes outside agency review of an agency decision denying benefits. Kerrigan appealed raising the same arguments.

## II.

We exercise plenary review over a District Court's dismissal for lack of subject matter jurisdiction. Golden ex rel. Golden v. Golden, 382 F.3d 348, 354 (3d Cir. 2004).[2] To the extent that Kerrigan directly appeals the termination of his benefits, the claim is precluded by 5 U.S.C. § 8128(b). The statute provides:

---

[2]Kerrigan has twice moved to supplement the record to include four new documents not presented to the District Court. After reviewing the documents, we conclude that they offer no material assistance in determining whether Kerrigan can establish subject matter jurisdiction. Accordingly, we deny the motions. See Fed. R. App. P. 10(e).

The action of the Secretary or his designee in allowing or denying a payment under this subchapter is – (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

§ 8128(b). The clear language of the statute precludes jurisdiction over a challenge to the agency's factual determinations and even violations of clear statutory mandates. See McDougal-Saddler v. Herman, 184 F.3d 207, 212-14 (3d Cir. 1999). Despite the statute's strong preclusive effect, a general consensus exists that jurisdiction is not precluded when a plaintiff alleges a "substantial" constitutional claim. See Czerkies v. U.S. Dep't of Labor, 73 F.3d 1435, 1438-43 (7th Cir. 1996) (en banc); Duncan v. Dep't of Labor, 313 F.3d 445, 446 (8th Cir. 2002).

To assert a substantial due process claim, Kerrigan must identify a protected property interest and show that he was not provided with pre-termination notice and an opportunity to be heard. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). Neither party challenges the conclusion that the receipt of disability benefits is a protected property interest. See, e.g., Goldberg v. Kelly, 397 U.S. 254, 262 (1970). Instead, Kerrigan argues that the OWCP failed to provide him with due process before terminating his benefits on March 24, 2002.

Due process does not require that the beneficiary be afforded an oral pre-termination hearing, only that the beneficiary receive notice and a meaningful opportunity to be heard. Id. at 267-68. On January 30, 2002, the OWCP sent Kerrigan a letter stating

4

that if he fails to participate in vocational training his benefits will be reduced to zero. The letter further specifies "[i]f you believe you have a good reason for not participating in this effort, you should so advise this Office within 30 days . . . giving the reasons for your non-compliance and submitting any evidence in support of your position." OWCP Letter, Jan. 30, 2002. This is certainly adequate notice. It also provides for a meaningful opportunity to challenge the possible termination of benefits.

In Mathews v. Eldridge, 424 U.S. 319 (1976), the Supreme Court held that an evidentiary hearing was not required prior to the termination of social security disability benefits, distinguishing Goldberg on the grounds that the beneficiary is not on "the very margin of subsistence." Mathews, 424 U.S. at 340 (explaining that Goldberg addressed the denial of welfare benefits). The agency's pre-termination procedures, the Court believed, coupled with the right to an evidentiary hearing in the post-deprivation process, were adequate to protect the defendant's property rights. Id. at 338-44. The procedures here do not significantly differ from those in Mathews. Upon notice of possible termination, a beneficiary may submit arguments and evidence challenging the possible action. 20 C.F.R. § 10.541. If benefits are terminated, the beneficiary then has the right to an oral or written evidentiary hearing. 5 U.S.C. § 8124(b)(1). Kerrigan was afforded these protections and thus, does not assert a substantial, cognizable due process claim.[3]

---

[3]Kerrigan also implies a due process challenge for the alleged destruction and falsification of evidence. This claim too is meritless. "[S]o long as certain procedural requirements are satisfied, mere allegations of falsified evidence . . . without more, are

With respect to his equal protection claim, nowhere does Kerrigan assert any coherent argument that he is being treated differently from other persons similarly situated. <u>See</u> <u>Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985). Thus, he fails to satisfy the narrow exception to § 8128(b).

For the foregoing reasons, Kerrigan fails to establish subject matter jurisdiction. The District Court's order granting the Defendant's motion to dismiss will be affirmed.

---

not enough to state a due process claim. <u>Smith v. Mensinger</u>, 293 F.3d 641, 653-54 (3d Cir. 2002). Kerrigan's claims are largely conclusory as he provides no support for his allegations. Further, he was afforded an opportunity to address the issue during the administrative process. <u>Id.</u> (noting a party must be afforded an opportunity to be heard regarding claims of falsification). Accordingly, Kerrigan fails to state a substantial due process claim.