Philip J. KERRIGAN, Appellant

v.

Bruce SMOLLER.

No. 07–3827.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Nov. 29, 2007.

Filed April 1, 2008.

Philip J. Kerrigan, Philadelphia, PA, for Appellant.

Paul F. Weisbein, Margolis, Edelstein, Philadelphia, PA, for Bruce Smoller.

Before: BARRY, CHAGARES and ROTH, Circuit Judges.

OPINION

PER CURIAM.

Appellant, Phillip Kerrigan, proceeding *pro se*, appeals from the District Court's denial of his motion for relief under Fed. R. Civ. Pro. 60(b). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's order for abuse of discretion. *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir.2002). Kerrigan is proceeding in *forma pauperis*, so we must dismiss his appeal if it lacks arguable merit. 28 U.S.C. § 1915(e)(2)(B).

In March 2004, Kerrigan filed a lawsuit against Department of Labor Secretary Elaine Chao, arguing that the Department had unlawfully terminated his disability benefits under the Federal Employees Compensation Act (FECA). The District Court dismissed the action for lack of subject matter jurisdiction and for failure to state a due process violation. *See Kerrigan v. Chao*, No. 04–1189, 2004 WL 2397396 (E.D.Pa. October 26, 2004). We affirmed. *See Kerrigan v. Chou*, 151 Fed. Appx. 129 (3d Cir.2005). Subsequently, Kerrigan filed the instant lawsuit, this time suing Dr. Bruce Smoller, the physician who reviewed his medical records for the Employees Compensation Appeals Board in the Labor Department's administrative proceedings.

On July 20, 2007, the District Court dismissed Kerrigan's lawsuit as an impermissible collateral attack on its prior decision in *Kerrigan v. Chao*. Kerrigan filed a Rule 60(b) motion for relief from the court's July 20th order, alleging mistake, fraud, and newly discovered evidence. The District Court rejected the motion because it satisfies none of the grounds under Rule 60(b), and instead merely reasserts the claims Kerrigan made in his prior lawsuit. To the extent that Kerrigan seeks to develop evidence of fraud on the part of Department through his Rule 60(b) motion, it is precluded by collateral estoppel.

We agree with the District Court. Because its denial of Kerrigan's motion did not rest upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact, the court did not abuse its discretion. *Reform Party of Allegheny County v. Allegheny County Dept. Of Elections*, 174 F.3d 305, 311 (3d Cir.1999). As a result, the appeal is meritless, and we dismiss it pursuant to § 1915(e)(2)(B).