# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2015 MSPB 42

Docket No. SF-1221-14-0742-W-1

**Philip J. Kerrigan,**

**Appellant,**

**v.**

**Department of Labor,**

**Agency.**

June 11, 2015

<u>Philip J. Kerrigan</u>, Philadelphia, Pennsylvania, pro se.

<u>Isabella M. Finneman</u>, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1 The appellant has filed a petition for review of the initial decision dismissing his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons set forth below, we DENY the appellant's petition for review, VACATE the initial decision, and still DISMISS the appeal for lack of jurisdiction on other grounds. Specifically, we find that we lack jurisdiction over the appellant's claim that the agency improperly terminated his Office of Workers' Compensation Programs (OWCP) wage replacement benefits based on his protected whistleblowing activity because, as set forth under the Federal Employees' Compensation Act (FECA), <u>5 U.S.C. §§ 8101</u>-8193, the appellant's

exclusive remedy for his FECA claim is within the U.S. Department of Labor (DOL or the agency).

BACKGROUND

¶2     The appellant held a temporary appointment as a Carpentry Worker at the Department of the Navy's Public Works Center in San Diego, California, from August 20, 1985, until his termination on May 29, 1986. Initial Appeal File (IAF), Tab 1 at 14, Tab 9 at 9, 23. During his temporary appointment, the appellant injured his back while at work and filed a claim with OWCP. IAF, Tab 9 at 32. OWCP accepted the appellant's claim and awarded benefits. *Id.* at 32-33. In 2001, the appellant sent letters to the Offices of Inspector General for both the Department of Defense and the agency, alleging that OWCP employees had engaged in illegal activity. *Id.* at 49-50, 52-54. In March 2002, OWCP terminated the appellant's wage replacement benefits based on his refusal to participate in vocational rehabilitation. IAF, Tab 1 at 15. He appealed this decision, and the Employees' Compensation Appeals Board (ECAB) affirmed the decision to terminate his compensation benefits. IAF, Tab 5 at 15-19.

¶3     In March 2004, the appellant filed a lawsuit against the agency, contending that it had illegally terminated his disability benefits under FECA. *See Kerrigan v. Chao*, 151 F. App'x 129, 130 (3d Cir. 2005) (per curiam). The district court dismissed the appellant's case for lack of subject matter jurisdiction and for failure to state a due process violation. *Kerrigan v. Chao*, No. 04-1189, 2004 WL 2397396, at *5 (E.D. Pa. Oct. 26, 2004). The U.S. Court of Appeals for the Third Circuit affirmed. *Kerrigan*, 151 F. App'x 129. In affirming the dismissal for lack of jurisdiction, the court held that an outside review of the agency's decision was barred by statute unless a substantial due process claim was raised, which did not occur here. *Id*. at 131-32. Thereafter, the appellant filed another lawsuit, attempting to sue the physician who reviewed his medical records during the administrative proceedings before the ECAB. *See Kerrigan v. Smoller*, 271 F.

App'x 279 (3d Cir. 2008) (per curiam). The district court again dismissed the appellant's case, this time as an impermissible collateral attack on its previous decision in *Kerrigan v. Chao*. *Id*. After the appellant challenged that decision, the Third Circuit affirmed, determining that the appellant's case was "meritless." *Id*.

¶4 The appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency terminated his compensation benefits in retaliation for making protected disclosures. IAF, Tab 1 at 10. In June 2014, OSC closed its investigation and advised the appellant of his Board appeal rights. *Id.* at 9-11.

¶5 The appellant initiated this IRA appeal, 12 years after OWCP terminated his benefits. IAF, Tab 1 at 1, Tab 5 at 16. The agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 5 at 4. The administrative judge issued an order that detailed the appellant's burden of establishing jurisdiction over an IRA appeal. IAF, Tab 10. After the appellant responded to the order, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 1 at 3, Tab 13, Tab 15, Initial Decision (ID) at 1, 7. The bases for the administrative judge's decision were that the appellant's disclosure was not protected because he was never employed by the agency, and the filing of an OWCP claim is not a protected activity under 5 U.S.C. § 2302(b)(9). ID at 5-6. The administrative judge further found that the termination of the appellant's OWCP benefits was not a personnel action under 5 U.S.C. § 2302(a)(1) because the term "personnel action" was intended to cover actions taken by an agency concerning its own employees. ID at 6.

¶6 The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tabs 1, 3. The agency has filed a response in opposition to the petition for review. PFR File, Tab 4.

ANALYSIS

¶7 In its motion to dismiss the appeal, the agency contended that the Board lacks jurisdiction over FECA claims. IAF, Tab 5 at 10-11. The administrative judge failed to address this argument in the initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests). Accordingly, we address the agency's argument here.

¶8 Title 5 U.S.C. § 8128(b) states in pertinent part:

> The action of the Secretary [of Labor] or his designee in allowing or denying a payment under this subchapter is—
>
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
>
> (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

Pursuant to the text of this subsection, the issue of an appellant's entitlement to FECA benefits is within the exclusive jurisdiction of DOL. *Minor v. Merit Systems Protection Board*, 819 F.2d 280, 283 (Fed. Cir. 1987); *Miller v. U.S. Postal Service*, 26 M.S.P.R. 210, 212-13 (1985). As we stated in *Miller*, subsection 8128(b) is included in FECA's statutory scheme in order to ensure the finality of the administrative action before DOL and eliminate the possibility of any judicial review. 26 M.S.P.R. at 212-13. Indeed, the program which FECA establishes is similar in structure and policy to state workers' compensation programs, i.e., employees are quickly granted fixed benefits regardless of fault and without litigation but in turn forego the possibility of greater awards through a court proceeding. *See id.*; *see also National Ass'n of Letter Carriers, AFL-CIO*

*v. U.S. Postal Service*, 272 F.3d 182, 188-89 (3d Cir. 2001) (citing party's argument with approval).[1]

¶9     We have previously found that section 8128 is not an absolute bar to Board jurisdiction over collateral issues such as whether to sustain a removal based on fraudulent conduct during OWCP proceedings. *See Miller*, 26 M.S.P.R. at 212-13 (finding that the Board is not precluded from reviewing a removal based on falsely obtaining OWCP benefits); *see also Daniels v. U.S. Postal Service*, 57 M.S.P.R. 272, 279 (1993) (same). However, the text of subsection 8128(b) precludes Board jurisdiction over cases where consideration of a claim would entail reviewing OWCP's decision to pay, or deny, benefits in the first place. *See Clavin v. U.S. Postal Service*, 99 M.S.P.R. 619, ¶ 4 (2005) (finding that the Board lacks jurisdiction to review a denial of workers' compensation benefits); *see also Lee v. Department of Labor*, 76 M.S.P.R. 142, 146 (1997) (same). Where an appellant has filed a claim of whistleblower reprisal challenging DOL's decision to terminate FECA benefits, a determination on that claim would necessarily require the review that is prohibited by subsection 8128(b).

¶10     Such is the case here. The appellant has pursued the OWCP determination through the agency's appellate process, received a decision from ECAB, and is challenging the agency's determination to terminate his benefits through his IRA appeal. His claim that the agency terminated his compensation benefits in retaliation for making protected disclosures would require a review of the agency's determination. Accordingly, we find that, because the appellant's exclusive remedy for his FECA claim is within the agency, the Board lacks

---

[1] Other than decisions of the U.S. Court of Appeals for the Federal Circuit, the decisions of the circuit courts are not binding on the Board, but the Board may follow such decisions if it is persuaded by their reasoning. *Bowman v. Small Business Administration*, 122 M.S.P.R. 217, ¶ 13 n.8 (2015). We are persuaded here.

jurisdiction over this appeal.[2]  *See Clavin*, 99 M.S.P.R. 619, ¶ 4; *see also Lee*, 76 M.S.P.R. at 146.

## ORDER

This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

---

[2] Even if we were to apply the test for jurisdiction in an IRA appeal, the outcome would be the same.  The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that:  (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

Here, the appellant has failed to nonfrivolously allege that his protected disclosures were a contributing factor in the agency's decision to terminate his OWCP compensation benefits.  Specifically, he has failed to allege that the official who made the decision to terminate his OWCP compensation benefits had any knowledge of his protected disclosures or was influenced by someone who did.  *See Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 19 (2014) (contributing factor may be proven by actual or constructive knowledge); *see also Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 26 (2013) (explaining that an employee may demonstrate that a disclosure was a contributing factor in a personnel action through evidence that the official taking the personnel action knew of the disclosure and close proximity between that knowledge and the personnel action, i.e., by satisfying the knowledge/timing test).  Further, he has not made a nonfrivolous allegation that his protected disclosures were a contributing factor in the agency's personnel action through alternative means.  *See Rumsey*, 120 M.S.P.R. 259, ¶ 26 (if an appellant fails to satisfy the knowledge/timing test, the Board must consider other relevant evidence).  Accordingly, the appellant has failed to make a nonfrivolous allegation that the Board has jurisdiction over his IRA appeal.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their

respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.