# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-3069
_____

Matthew Staszak

*Plaintiff - Appellant*

v.

United States of America; Darlene Gallardo, Unit Manager, Individually and in
her official capacities

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta
_____

Submitted: April 15, 2021
Filed: May 13, 2021
[Unpublished]
_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Federal inmate Matthew Staszak appeals the district court's[1] adverse judgment in his action under the Federal Tort Claims Act (FTCA) and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). Upon de novo review, we affirm. See <u>Smith v. Toyota Motor Corp.</u>, 964 F.3d 725, 728 (8th Cir. 2020); <u>Montin v. Moore</u>, 846 F.3d 289, 292 (8th Cir. 2017). We agree with the district court that Gallardo was not a proper defendant for the FTCA claims, <u>see</u> <u>Duncan v. Dep't of Labor</u>, 313 F.3d 445, 447 (8th Cir. 2002) (per curiam) (United States is proper defendant in FTCA claim); and that Staszak's lack of physical injury barred the FTCA claims against the United States, <u>see</u> 28 U.S.C. § 1346(b)(2) (person incarcerated while serving sentence for felony conviction may not bring civil action against United States for mental injury suffered in custody without showing prior physical injury).

We also agree that the <u>Bivens</u> claims failed. Sovereign immunity barred the <u>Bivens</u> claims against the United States, and against Gallardo in her official capacity. <u>See</u> <u>Buford v. Runyon</u>, 160 F.3d 1199, 1203 (8th Cir. 1998) (sovereign immunity bars <u>Bivens</u> action against United States). As to the individual-capacity claims against Gallardo, even assuming a <u>Bivens</u> remedy exists for violations of the Sixth Amendment, Staszak had no right to counsel in his 28 U.S.C. § 2255 proceeding, <u>see</u> <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 964 (8th Cir. 2004) (there is no Sixth Amendment right to counsel in 28 U.S.C. § 2255 proceedings); and the due process claim was premised on the alleged Sixth Amendment violation, <u>see</u> <u>Bishop v. Tice</u>, 622 F.2d 349, 353 (8th Cir. 1980) (to state Fifth Amendment due process claim, plaintiff must allege deprivation of property or liberty interest).

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Patricia S. Harris, United States Magistrate Judge for the Eastern District of Arkansas.

The judgment is affirmed.  <u>See</u> 8th Cir. R. 47B.  We deny Staszak's motions for counsel.

_____